Michael RUDD;  Patricia Rudd,
Plaintiffs—Appellants,

v.

ALLSTATE INSURANCE COMPANY;
Chubb & Son;  The Federal Insurance
Company, Defendants—Appellees.

No. 01–16966.

D.C. No. CV–00–04624–SBA(JL).

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 3, 2002.

Decided Dec. 24, 2002.

Before BERZON and TALLMAN, Circuit Judges, and MILLER, District Judge.*

### MEMORANDUM **

Michael and Patricia Rudd appeal a grant of summary judgment in favor of Federal Insurance Company, finding that Federal had no duty to provide the Rudds with a defense against claims brought by Laura Stewart, their former housekeeper, alleging intentional infliction of emotional distress, battery, sexual battery, assault, wrongful discharge, and sexual harassment. We review the district court's grant of summary judgment de novo. *Oliver v. Keller*, 289 F.3d 623, 626 (9th Cir.2002). We have jurisdiction and affirm.

Under California law, an insurance company "owes a broad duty to defend its insured against claims that create a potential for indemnity." *Horace Mann Ins. Co. v. Barbara B.*, 4 Cal.4th 1076, 17 Cal. Rptr.2d 210, 213, 846 P.2d 792 (Cal.1993) (en banc) (citation omitted); *see also Montrose Chem. Corp. v. Superior Court*, 6 Cal.4th 287, 24 Cal.Rptr.2d 467, 471, 861

P.2d 1153 (Cal.1993) (en banc) (the duty to defend is broader than the duty to indemnify) (citation omitted). The duty to defend, however, is not absolute and when there is no potential for coverage, there is no duty to defend. *Montrose*, 24 Cal. Rptr.2d at 473, 861 P.2d 1153 (when the complaint shows on its face that the injury complained of is excluded from the policy, the insurer is under no duty to defend). The determination whether the insurer owes a duty to defend is made by comparing the allegations of the third party complaint with the terms of the policy. *Id.* at 471.

■ The Federal policy excludes from coverage "damages arising out of any actual, alleged, or threatened sexual molestation, sexual misconduct or harassment, or abuse."

Stewart's invasion of privacy claim alleges that Mr. Rudd got into bed with her, fondled her, pressed himself against her, touched her, asked her sexually explicit questions, and hid outside her bedroom in order to watch her undress. Stewart's amended complaint also incorporates by reference Stewart's allegations that Mr. Rudd "forced her to perform oral sex," "sexually attacked" her, "repeatedly raped and sodomized" her, and "physically assaulted her."

The conduct alleged in Stewart's verified complaint constitutes actual or alleged sexual misconduct, abuse, or harassment. In light of the express language of the Federal policy excluding coverage for such acts, Federal was under no obligation to provide a defense. *See Northland Ins. Co. v. Briones*, 81 Cal.App.4th 796, 97 Cal. Rptr.2d 127, 135 (Cal.Ct.App.2000)

---

* Honorable Jeffrey T. Miller, United States District Judge for the Southern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

("Whether the allegations are true on not, there was no duty to defend because, in view of the sexual misconduct exclusion, there was no potential for coverage.") Stewart's few remaining allegations including those alleged as part of her invasion of privacy cause of action, fall within the "general category" of conduct undertaken to further the alleged sexual misconduct. *Id.* at 135.

■ Stewart's verified amended complaint also alleges that she was forced to "have sexual relations" with Mrs. Rudd while Mr. Rudd watched. Stewart "incorporates [this] allegation with the same force and effect" into her cause of action for invasion of privacy. As a result, Stewart's claims against Mrs. Rudd are also excluded under the express terms of the Federal policy.

■ The fact that Ms. Stewart eventually recanted her allegations does not compel a finding that Federal was obligated to provide a defense. The parties' settlement agreement converts Stewart's causes of action for intentional conduct into statements of general negligence. California courts have rejected the "common argument" that if the underlying cause of action is based on negligence, there must be a duty to defend. *Quan v. Truck Ins. Exchange,* 67 Cal.App.4th 583, 79 Cal.Rptr.2d 134, 141 (Cal.Ct.App.1998) (pleading a claim under negligence cannot convert an intentional act into an "accident" for the purposes of meeting the terms of an insurance policy); *see also Northland Ins. Co.,* 97 Cal.Rptr.2d at 136 (California law does not permit reclassifying sexual misconduct in order to trigger insurance coverage).

■ That there are unresolved issues of fact concerning the nature of Mr. Rudds' relationship with Stewart does not create a defense obligation where there is no poten-

tial liability *under the policy. Quan,* 79 Cal.Rptr.2d at 144 (emphasis in original). California courts have rejected the notion that "so long as there remain any 'disputed factual issues,' determinative of the insured's liability *to the plaintiff* in the underlying action, a liability insurer must continue to defend." *Id.* (distinguishing *Horace Mann*) (emphasis in original).

Because we find that Federal had no duty to defend the Rudds against Stewart's allegations under the express terms of the Federal policy, we do not reach the issue of whether California Insurance Code § 533 precludes coverage in this case.

We have carefully reviewed the Rudds' remaining arguments and find them to be lacking in merit.

AFFIRMED.