**Eric D. OLIVER, Plaintiff–Appellant,**

v.

**Jerry KELLER, Sheriff; Kyle Edwards; Dave Swiekert, Defendants–Appellees.**

**No. 00–15849.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 6, 2001.

Filed May 2, 2002.

Willie Jordan–Curtis, Assistant Dean for Student Affairs, Kevin Rudh (argued), Scott Shelley (argued), and Ernest Skinner (argued), Law Students, The University of Arizona College of Law Pro Bono Appellate Project, Tucson, AZ, for appellant.

Thomas D. Dillard, Jr. (argued), Rawlings, Olson, Cannon, Gormley & Desruisseaux, Las Vegas, NV, for appellees.

Before HAWKINS and TASHIMA, Circuit Judges, and WILKEN,* District Judge.

## OPINION

MICHAEL DALY HAWKINS, Circuit Judge.

Appellant Eric Oliver brought a § 1983 action against Clark County, Nevada, the Clark County Sheriff, and two employees of the Clark County Detention Center ("Defendants"), alleging confinement in constitutionally infirm conditions.

In an issue of first impression in this Circuit, we must decide whether the district court correctly employed a *de minimis* standard to interpret "physical injury" under § 1997e(e) of the Prison Litigation Reform Act of 1995, Pub.L. No. 104–134, 110 Stat. 1321 (1996) ("PLRA").[1] We also decide whether any physical injury requirement applies to claims other than those for mental and emotional injury. The district court had jurisdiction pursuant to 28 U.S.C. § 1331. We have jurisdiction under 14 U.S.C. § 1291. We affirm in part, and reverse in part.

## FACTUAL AND PROCEDURAL HISTORY

Appellant Eric Oliver's § 1983 claim arises out of three separate instances of pre-trial confinement at the Clark County Detention Center ("CCDC") occurring in April, August, and September of 1997. On April 1, 1997, Las Vegas Metropolitan Police Department ("Metro") officers arrested Oliver and transported him to CCDC, where he was booked and medically screened. After it was determined that he had no injuries making him unfit for the general population, officers placed Oliver in a temporary holding cell. CCDC uses the temporary cells to house prisoners until they are classified and assigned to a permanent cell. The holding cells have a window to the booking area, benches, a telephone bank, toilets and sinks. Pretrial detainees eat three meals per day in the cells. The cells do not have cots, and inmates are not provided with blankets or pillows. Long-term prisoners clean the holding cells daily as part of prison work duty.

CCDC records show that Oliver was initially jailed with approximately 50 other men in a cell measuring 404 square feet. The prisoner count fluctuated around 50 over the course of Oliver's 51–hour detention. On the morning of April 3, Oliver was allowed to shower, brush his teeth, and change into prison-issue clothing, and was then transferred to a smaller temporary holding cell, measuring 174 square feet. He remained there for 74 hours, during which time the cell housed an average of 18 prisoners.

In his complaint Oliver describes the cells as "a human carpet" without room to sit or stand. He alleges that inmates had to sleep on hard floors, were not provided with bed linens, had to drink out of unsanitary faucets, and were bothered by the 24–hour overhead lighting and excessive air conditioning. Oliver claims he experienced "severe back and leg pain" from sitting and sleeping in the temporary cells, and "was chilled to the bone" due to the cool cell temperatures. He also claims that while he sought treatment for his back condition, prison officials failed to provide him with medical attention.[2] Oliver was

---

\* Honorable Claudia Wilken, United States District Judge for the Northern District of California, sitting by designation.

1. The statute reads: "no federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

2. However, Oliver concedes during deposition that he did not request medical attention, and in fact did not experience any physical injury during the April incarceration period.

transferred out of the second temporary holding cell to a permanent cell on April 6, at 11:10 p.m. CCDC transferred Oliver to another incarceration facility on April 11, 1997.

Oliver was again arrested by Metro officers on August 12, 1997, and transported to CCDC. He was again booked, medically screened and placed in a series of temporary holding cells. He claims that the temporary cell conditions during this second detention period were similar to those he had experienced in April. Oliver also alleges that another prisoner beat him in a fight over sitting space. He claims that he again complained to officials of back pain, but was not given medical attention at any time before his release on August 29.[3] Oliver was arrested three weeks later on September 19, and was housed in the temporary holding cells for approximately 50 hours. His complaint details similarly "dehumanizing" and overcrowded conditions during this third period of incarceration.

Oliver filed a § 1983 action against CCDC management, Clark County, and the Clark County Sheriff, alleging physical and emotional injuries resulting from a violation of his Fourteenth Amendment rights. The district court granted Defendants' motion for summary judgment and dismissed in full Oliver's complaint and the action. The court held that § 1997e(e) of the PLRA barred Oliver's claims, because he failed to demonstrate more than a *de minimis* injury.

## DISCUSSION

### *Standard of Review*

■ A grant of summary judgment is reviewed *de novo*. *See Clicks Billiards,*

*Inc. v. Sixshooters, Inc.,* 251 F.3d 1252, 1257 (9th Cir.2001). Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Id.* Further, Oliver's pro se complaint should be dismissed only if it is "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Akao v. Shimoda,* 832 F.2d 119, 120 (9th Cir.1987) (citations omitted).

### *The "Physical Injury" Requirement*

■ We begin by considering whether the district court properly interpreted § 1997e(e). We note at the outset that the phrase "physical injury" does not wear its meaning on its face. In drafting § 1997e(e), Congress failed to specify the type, duration, extent, or cause of "physical injury" that it intended to serve as a threshold qualification for mental and emotional injury claims. Nor did it define the meaning or limits of "mental or emotional injury." The district court based its *de minimis* analysis of "physical injury" on *Siglar v. Hightower,* 112 F.3d 191 (5th Cir.1997). In *Siglar,* a prisoner filed a § 1983 claim against Texas prison officials after guards bruised his ear during a search. *Id.* at 192. The ear remained bruised and sore for three days. The prisoner did not seek or receive medical treatment, nor did he allege that he had suffered any long-term physical injuries. The court dismissed the prisoner's claim, stating "In the absence of any definition of 'physical injury' in [Section 1997e(e) ], we hold that the well established Eighth

---

**3.** Again, Oliver's deposition testimony is in tension with the facts alleged in his complaint. At deposition, he admitted that he suffered no physical injuries during his August detention in the temporary holding cells. He further admitted that the skirmish with the other inmate did not concern floor space, but access to the telephone.

Amendment standards guide our analysis in determining whether a prisoner has sustained the necessary physical injury to support a claim for mental or emotional suffering. That is, the injury must be more than *de minimus* [sic], but need not be significant." *Id.* at 193.

The Eleventh Circuit has explicitly adopted the *Siglar de minimis* approach, *see Harris v. Garner,* 190 F.3d 1279, 1286 (11th Cir.1999), *vacated by Harris v. Garner,* 197 F.3d 1059 (11th Cir.1999), *reinstated in part on reh'g by Harris v. Garner,* 216 F.3d 970 (11th Cir.2000) (en banc), reasoning that an interpretation that "*any* allegation of physical injury is sufficient ... would undermine the statute's essential purpose—'to curtail frivolous and abusive prisoner litigation.'" [4] *Id.* (emphasis in original). Similarly, the Second Circuit cited *Siglar* in holding that alleged sexual assaults "would constitute more than '*de minimis'* injury" and were thus sufficient under § 1997e(e) to sustain a § 1983 claim. *Liner v. Goord,* 196 F.3d 132, 135 (2d Cir.1999).

Appellant argues that a plain reading of § 1997e(e) does not qualify the term "physical injury," and therefore *any* physical injury should be enough to sustain a claim under the statute, citing *Gomez v. Chandler,* 163 F.3d 921 (5th Cir.1999), and *Waters v. Andrews,* 2000 WL 1611126 (W.D.N.Y.2000). Appellant's reliance on these authorities is unavailing, as *Gomez* explicitly endorses the *Siglar* approach, *see Gomez,* 163 F.3d at 924, and *Waters,* a

district court decision, appears to be out of step with the Second Circuit's reasoning in *Liner.* Further, the phrase "physical injury" standing alone does not more readily yield to modification by the word "any" than it does to modification by other words. Certainly, if Congress had meant that "any" physical injury was sufficient to permit a prisoner's mental and emotional injury claim, it could have said as much. *See United States v. Gonzales,* 520 U.S. 1, 6, 117 S.Ct. 1032, 137 L.Ed.2d 132 (1997). We are thus left to determine how "physical injury" should be understood absent modifiers in the statutory language itself.

▇ Our survey of case law on the meaning of "physical injury" in § 1997e(e) demonstrates a consistent application of the *de minimis* approach first adopted in *Siglar.* Following the Second, Fifth and Eleventh Circuits, we hold today that for all claims to which it applies, 42 U.S.C. § 1997e(e) requires a prior showing of physical injury that need not be significant but must be more than *de minimis.*[5] This interpretation reflects Congress's intent in passing the PLRA. *See, e.g., Harris v. Garner,* 216 F.3d at 977 (analyzing in detail the legislative history behind § 1997e(e) to conclude that the legislation was intended to curtail frivolous prisoner litigation); *Dawes v. Walker,* 239 F.3d 489, 495 (2d Cir.2001) ("Congress intended § 1997e(e) to reduce the burgeoning volume of prisoner litigation in the federal

---

4. Appellees provide a statutory analysis of the PLRA to argue that Congress drafted § 1997e(e) to give courts a tool to dismiss unmeritorious prisoner claims on the pleadings, where appropriate. The analysis fairly summarizes the legislative history behind § 1997e(e).

5. In *Canell v. Lightner,* 143 F.3d 1210 (9th Cir.1998), we refused to apply § 1997e(e)'s prior physical injury requirement to a § 1983

action alleging violation of a prisoner's First Amendment rights because "deprivation of First Amendment rights entitles a plaintiff to judicial relief wholly aside from the physical injury he can show, or any mental or emotional injury he may have incurred ... regardless of the form of relief sought." *Id.* at 1213. Nothing in our holding today disturbs our prior holding in *Canell.*

courts.").[6]

However, in embracing the *de minimis* physical injury standard under § 1997e(e) adopted by the Second, Fifth, and Eleventh Circuits, we do not subscribe to the reasoning set forth by the Fifth Circuit in *Siglar*, which purports to follow established Eighth Amendment standards for determining when a prisoner has been subjected to cruel and unusual punishment, stating that "the injury must be more than *de minimis*." *Siglar*, 112 F.3d at 193. This does not accurately describe the Eighth Amendment standard enunciated by the Supreme Court in *Hudson v. McMillian*, 503 U.S. 1, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). In *Hudson*, the Court held that "*de minimis* uses of physical force" are not constitutional violations, focusing on the amount of *force* used, not the nature or severity of the *injury* inflicted. *Id.* at 9–10, 112 S.Ct. 995. The Fifth Circuit has read *Hudson* to create a *de minimis* physical *injury* requirement under the Eighth Amendment, stating in *Gomez*, 163 F.3d at 924, that "to support an Eighth Amendment excessive force claim a prisoner must have suffered from the excessive force a more than *de minimis* physical injury." The Eleventh Circuit in *Harris*, while embracing a *de minimis* physical injury requirement for § 1997e(e) as we do today, criticized the Fifth Circuit's reasoning, pointing out that the Fifth Circuit's interpretation of *Hudson* differed from its own Eighth Amendment jurisprudence. *See Harris*, 190 F.3d at 1286–87.

In ruling that the requisite physical injury must be more than *de minimis* for purposes of § 1997e(e), we are not importing the standard used for Eighth Amendment excessive force claims, which examines whether the use of physical *force* is more than *de minimis*. *See, e.g., Hudson*, 503 U.S. at 17, 112 S.Ct. 995 ("I have no doubt that to read a 'physical pain' or physical injury' requirement into the Eighth Amendment would be no less pernicious and without foundation than the 'significant injury' requirement we reject today.") (Blackmun, J., concurring). Nor do we alter our jurisprudence in the Eighth Amendment arena, "but only use the well established Eighth Amendment standards to guide us in our section 1997e(e) analysis." *Harris*, 190 F.3d at 1286.

We decline appellant's invitation to hold that "any" physical injury is sufficient to meet the demands of § 1997e(e), because such an interpretation would ignore the intent behind the statute. However, we also decline the invitation of appellees to adopt an even more restrictive approach than the "bare" *de minimis* interpretation countenanced by *Siglar*. Appellees cite *Luong v. Hatt*, 979 F.Supp. 481 (N.D.Tex. 1997), to argue that *de minimis* "physical injury" under § 1997e(e) should be understood as "an observable or diagnosable medical condition requiring treatment by a medical care professional," which would cause a "'free world person' to seek such treatment." *Id.* at 486. If appellant's proposed standard requires too little, appellees' proposed standard requires too much. Accordingly, the district court did not err in applying a *de minimis* analysis to evaluate whether appellant's mental and emotional injury claims could proceed.

---

**6.** We adhere to traditional principles of statutory interpretation. Where a statute's plain meaning is clear, turns to legislative history are unnecessary. *See Gonzales*, 520 U.S. at 6, 117 S.Ct. 1032 (1997) ("Given the straightforward statutory command, there is no reason to resort to legislative history."). But where a statute yields to "more than one reasonable interpretation, we turn to legislative history, looking to the entire statutory scheme." *United States v. Daas*, 198 F.3d 1167, 1174 (9th Cir.1999).

*The Requirement Applied*

■ Applying § 1997e(e) to this case, we conclude that appellant has alleged only *de minimis* physical injury, and is barred from pursuing claims for mental and emotional injury. Appellant alleges three types of physical injury. First, he claims to have suffered back and leg pain from sitting and sleeping on the benches and floor of the temporary cell. While appellant now contends that the pain was "severe and lasting," on deposition he testified that "it was nothing too serious" and that he did not seek medical treatment. Second, appellant claims that he was assaulted by another prisoner in a fight directly caused by the overcrowded cell conditions. Again, on deposition, appellant admitted that the fight was not over floor space, as initially alleged, but over use of the telephone. Appellant also fails to describe the nature of the physical injuries, if any, that he suffered from the fight. Third, appellant alleges a painful canker sore he developed during his September detention, for which he sought and received treatment at CCDC. Appellant cannot generate an issue of material fact by providing contradictory statements. *See Kennedy v. Allied Mut. Ins. Co.,* 952 F.2d 262, 266 (9th Cir.1991). However, even assuming that appellant suffered all the injuries he alleges, they are not more than *de minimis.* Accordingly, the district court did not err in dismissing appellant's claim for emotional injury on the basis of § 1997e(e).[7]

*The Scope of the Requirement*

Appellant argues that even if his claim is barred to the extent he seeks damages for emotional injury, the district court erred in dismissing his remaining § 1983 damages claims on the basis of § 1997e(e). We first observe that § 1997e(e) applies only to claims for mental and emotional injury. However, appellant's complaint expressly seeks broader forms of redress for the underlying constitutional violations alleged. The "Request for Relief" seeks an award of "COMPENSATORY DAMAGES ... for physical and emotional injuries suffered as a result of ... violations of Plaintiff's rights under the Fourteenth Amendment ... PUNITIVE DAMAGES ... and [] other such relief as it may appear Plaintiff is entitled as deemed necessary by the Court."

■ In considering the scope of § 1997e(e), some circuits have merely recognized that § 1997e(e) *may not* bar claims for nominal and punitive damages. *See Davis v. District of Columbia,* 158 F.3d 1342, 1348 (D.C.Cir.1998) (suggesting possibility of nominal but not punitive damages); *Harris,* 190 F.3d at 1288 n. 9 (declining to reach issue of nominal damages because plaintiffs had not requested nominal damages). However, at least two circuits expressly resolve the issue. In *Allah v. Al–Hafeez,* 226 F.3d 247 (3d Cir. 2000), the Third Circuit determined that § 1997e(e) did not bar a claim for nominal and punitive damages for alleged constitutional violations. *Id.* at 251–52. *See also Searles v. Van Bebber,* 251 F.3d 869, 879–81 (10th Cir.2001) (even absent physical injury, prisoner was entitled to seek nominal and punitive damages under § 1997(e)).

---

7. We conclude that appellant's injuries are *de minimis* under the *Siglar* rule we adopt today. However, the district court's summary judgment order does not clarify whether appellant alleged "an insufficient injury to be of a constitutional magnitude" under *Siglar* or *Luong.* If an injury is not sufficient under the "bare" *de minimis* rule in *Siglar,* it is certainly not sufficient under the more demanding *de minimis* rule in *Luong,* and the ambiguity in the district court's ruling does not result in harmful error.

Applying § 1997e(e) to the facts of this case, we reach a conclusion similar to *Al-Hafeez* and *Searles*. Appellant's complaint seeks punitive damages and is consistent with a claim for nominal damages even though they are not expressly requested. *See Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (pro se complaints may be construed liberally); *Al-Hafeez* 226 F.3d at 251 (construing pro se complaint to include claim for nominal damages where complaint sought only compensatory and punitive damages). Appellant's complaint also seeks compensatory damages. To the extent that appellant has actionable claims for compensatory, nominal or punitive damages—premised on violations of his Fourteenth Amendment rights, and not on any alleged mental or emotional injuries—we conclude the claims are not barred by § 1997e(e).

### CONCLUSION

The district court correctly interpreted § 1997e(e) to require a showing of more than *de minimis* physical injury in order to recover compensatory damages for mental or emotional injury. Under that standard, the district court did not err in dismissing appellant's claims for emotional injury. However, we also hold that § 1997e(e) applies only to claims for mental and emotional injury. To the extent that appellant's claims for compensatory, nominal or punitive damages are premised on alleged Fourteenth Amendment violations, and not on emotional or mental distress suffered as a result of those violations, § 1997e(e) is inapplicable and those claims are not barred.

AFFIRMED in part, REVERSED in part, and REMANDED for proceedings

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

consistent with this Opinion. Each party to bear its own costs on appeal.