**HOMECOMINGS FINANCIAL NET-WORK, a Delaware corporation, Plaintiff—Appellant,**

**v.**

**GENERAL STAR INDEMNITY COM-PANY, a Connecticut corporation, Defendant—Appellee.**

No. 01–56081.

D.C. No. CV–00–00819–IEG(JFS).

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 10, 2002.

Decided Nov. 22, 2002.

Before REINHARDT, TROTT and SILVERMAN, Circuit Judges.

MEMORANDUM *

Homecomings Financial Network ("HFN"), the insured, appeals the district court's summary judgment in favor of General Star Indemnity Company ("General Star"), the insurer. The district court granted summary judgment on the ground that the policy was unambiguous and precluded HFN from increasing the insurable value of a piece of property after the property suffered a loss. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

### 1. Standard of Review

This court reviews a district court's grant of summary judgment de novo. *Oliver v. Keller*, 289 F.3d 623, 626 (9th Cir. 2002). Viewing the evidence in the light most favorable to General Star, this court must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Id.*

Because it is sitting in diversity, this court must apply the substantive law of California, as interpreted by the California Supreme Court. *Karen Kane, Inc. v. Reliance Ins. Co.*, 202 F.3d 1180, 1183 (9th Cir.2000).

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

### 2. The Policy is Unambiguous and Precludes HFN from Increasing the Value of the Property After a Loss Occurred

The existence of ambiguity in an insurance contract is a question of law. *HS Services, Inc. v. Nationwide Mut. Ins. Co.,* 109 F.3d 642, 644 (9th Cir.1997); *Waller v. Truck Ins. Exch.,* 11 Cal.4th 1, 44 Cal. Rptr.2d 370, 900 P.2d 619, 627 (1995). Under California law, California courts will enforce the plain meaning of an insurance policy if the language of the policy is clear and unambiguous after applying the meaning a layperson would ascribe to the contract language. *Waller,* 900 P.2d at 628; *AIU Ins. Co. v. Superior Court,* 51 Cal.3d 807, 274 Cal.Rptr. 820, 799 P.2d 1253, 1264 (1990) (in bank). According to California law, " '[a]n insurance policy is ambiguous if it is capable of two or more constructions, both of which are reasonable.' " *Bay Cities Paving & Grading, Inc. v. Lawyers' Mutual Ins. Co.,* 5 Cal.4th 854, 21 Cal. Rptr.2d 691, 855 P.2d 1263, 1271 (1993) (quoting *Suarez v. Life Ins. Co. of North America* 206 Cal.App.3d 1396, 254 Cal. Rptr. 377 (1988)). California courts will not adopt a strained interpretation of a policy to find ambiguity. *Id.* (citation omitted). The policy must be interpreted as a whole and in context of the facts of a case. *Id.*

Here, the Policy is unambiguous. Paragraph No. 3, Endorsement No. 1, explicitly provides that HFN could not correct inaccurate reports after a property suffered loss without the prior written approval of General Star. HFN mistakenly insured the Property for $38,000, and HFN did not attempt to correct the value until after it reported a loss for the Property. Under the unambiguous language of Paragraph No. 3, HFN was precluded from increasing the value of the Property without the consent of General Star.

Because there are no genuine issues of material fact, and the district court correctly applied the substantive law, we affirm the district court's summary judgment.

### AFFIRMED.

REINHARDT, Circuit Judge, dissenting.

I dissent. After the loss occurred, HFV erroneously reported the value of the property. No-one disputes that the actual value was greater; nor does anyone suggest that there was any ulterior motive involved. The insured simply made an innocent mistake, and the insurance company simply seeks to profit from it. Under the circumstances, the defendant's refusal to approve the corrected valuation was in bad faith. I would reverse and remand for trial.