**Alfredo FLORES, Plaintiff—Appellant,**

v.

**DEL MONTE FRESH PRODUCE N.A., INC.; Alcazar Shipping Co., Defendants—Appellees.**

No. 01–57084.

D.C. No. CV–01–01791–R.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 3, 2002.

Decided Dec. 12, 2002.

Before D.W. NELSON and T.G. NELSON, Circuit Judges, and SCHWARZER,* District Judge.

MEMORANDUM**

Alfredo Flores appeals the district court's grant of summary judgment in favor of Defendants Del Monte Fresh Produce, N.A. Inc. and Alcazar Shipping Co. ("Defendants"). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse.

We review a grant of summary judgment de novo. *Oliver v. Keller*, 289 F.3d 623, 626 (9th Cir.2002). Evidentiary rulings made in the context of summary judgment motions are reviewed for an abuse of discretion. *Maljack Productions, Inc. v. GoodTimes Home Video Corp.*, 81 F.3d 881, 886 (9th Cir.1996).

■ The Longshore and Harbor Workers' Compensation Act permits a longshoreman who is injured on board a vessel to file suit against the owner of the vessel if that vessel's negligence caused his or her injury. 33 U.S.C. § 905(b). "One of the primary duties of a vessel owner is to turn over the vessel to the stevedore in reasonably safe condition." *Thomas v. Newton Intern. Enterprises*, 42 F.3d 1266, 1269 (9th Cir., 1994). Whether Defendants acted reasonably or whether the condition was unreasonably dangerous is a question of fact and generally not appropriate for resolution at the summary judgment stage. *Thomas*, 42 F.3d at 1269.

■ A vessel may also be liable for its negligence toward a longshoreman if the vessel "fails to exercise due care to avoid exposing longshoremen to harm from hazards they may encounter in areas ... under the active control of the vessel during the stevedoring operation." *Scindia Steam Nav. Co. v. De Los Santos*, 451 U.S. 156, 167, 101 S.Ct. 1614, 68 L.Ed.2d 1 (1981). The vessel owner is required to avoid exposing stevedores to harm from hazards that they may encounter in areas, or from equipment, under the active control of the ship. *Christensen v. Georgia–Pacific Corp.*, 279 F.3d 807, 812 (9th Cir. 2002).

■ Here, Flores presented sufficient evidence to meet his burden under Federal Rule of Civil Procedure 56(e). There are triable issues of material fact as to whether the Defendants violated their turnover duty of safe condition and their duty of active control.

■ Also, the district court's stated reason for striking the declaration of Plaintiff's expert, Mr. Shorts, lacked factual support. The declaration recites Mr. Shorts's qualifications as an expert, as well as a percipient witness, and informed the district court that he was a longshoreman for the Pacific Maritime Association and a safety officer for Local 46 who was familiar with latching mechanisms.

---

* The Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

Accordingly, we REVERSE the district court's grant of summary judgment; VACATE the district court's order striking Shorts's declaration; and REMAND for further proceedings consistent with this Memorandum.

---

* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.