**John A WEIDLER, III, Plaintiff— Appellant,**

v.

**SPRING SWINGS INC., Florida Corporation; Loos & Company Inc, Connecticut Corporation, Defendants— Appellees.**

**No. 01–35506.**

**D.C. No. CV–99–01199–HA.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 2, 2002.

Decided Jan. 8, 2003.

Before B. FLETCHER, KLEINFELD and MCKEOWN, Circuit Judges.

MEMORANDUM [*]

Weidler appeals the district court's application of its inherent power to exclude Weidler's evidence that the design of the hand-held trolley device was defective. Weidler also appeals the district court's grant of summary judgment to defendants, Spring Swings, Inc. and Loos & Company. We have jurisdiction based on the final

---

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

judgment of the district court.[1] We review the district court's application of its inherent power to exclude evidence for abuse of discretion.[2] We review the district court's grant of defendants' motion for summary judgment de novo.[3]

It is undisputed that during Weidler's tests evidence was destroyed without Spring Swings being able to examine, or conduct independent tests, on the materials. Under *Unigard,* mere "fault," even in the absence of bad faith, can be a sufficient basis for the district court's discretionary exercise of its inherent power.[4] The district court has the power to exclude Weidler's evidence when "plaintiff's destruction of key evidence renders a full defense impossible."[5] The destruction and then the disappearance of the frayed piece of cable and commingling of the clamps render a reliable determination of the cause of the accident impossible. A defect in the design or manufacturing of goods obtained from the defendants or from the hardware store, an installation defect, plaintiff's modification or the product, and a lack of clarity of the instructions all remain plausible factors. Thus, as in *Unigard,* the destruction of evidence "rendered unreliable" what a trier of fact might consider, and plaintiff "lacked the ability to put forward a prima facie case."[6]

AFFIRMED.

---

1. 28 U.S.C. § 1291.

2. *Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.,* 982 F.2d 363, 367 (9th Cir.1992).

3. *Oliver v. Keller,* 289 F.3d 623, 626 (9th Cir.2002).

4. *Unigard,* 982 F.2d at 368 n. 2.

