**Darnell BRYANT, Plaintiff—Appellee,**

**v.**

**A.C. NEWLAND, et al., Defendants—Appellants,**

**and**

**Williams, Dr., et al., Defendants.**

No. 02–15479.

D.C. No. CV–98–02384–LKK(JFM).

United States Court of Appeals, Ninth Circuit.

Submitted April 8, 2003.*

Decided April 24, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Before FERGUSON, McKEOWN, and RAWLINSON, Circuit Judges.

Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

## MEMORANDUM**

■ Darnell Bryant's claims for nominal, compensatory, and punitive damages premised on deliberate indifference to his safety, and not on any alleged mental or emotional injuries, are not barred by 42 U.S.C. § 1997e(e). *See Oliver v. Keller*, 289 F.3d 623, 629–30 (9th Cir.2002). However, his claims for mental and emotional injury are barred due to a lack of physical injury. *See id.* at 629. Accordingly, the district court was correct in allowing Bryant's constitutional claim to proceed, but erred in affording similar treatment to his emotional and mental injury claims. *See id.*

■ The facts presented, taken in the light most favorable to Bryant, reflect a violation of Bryant's constitutional right as an inmate to protection from violence. *See Farmer v. Brennan*, 511 U.S. 825, 835, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *see also Valandingham v. Bojorquez*, 866 F.2d 1135, 1138 (9th Cir.1989). The law governing inmate safety was clearly established at the time Bryant's constitutional claims arose. *See Farmer*, 511 U.S. at 834. It would be clear to a reasonable state official in the position of the Defendants in this case that their conduct in knowingly reassigning Bryant to the general population segment of a facility where he was previously brutalized was unlawful. *See id., see also Estate of Ford v. Ramirez–Palmer*, 301 F.3d 1043, 1050–51 (9th Cir.2002).

Accordingly, the district court properly denied the Defendants' motion for summary judgment based upon qualified immunity as to Bryant's constitutional claim. *See Clement v. Gomez*, 298 F.3d 898, 906 (9th Cir.2002).

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

AFFIRMED in part; REVERSED in part and REMANDED. Appellant is awarded appeal costs.

