**Amy FULKERSON, Plaintiff—Appellant,**

v.

**AMERITITLE, INC., an Oregon Corporation; Linda K. Stelle, Defendants—Appellees.**

No. 01–36163.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 3, 2003.

Decided April 24, 2003.

Rehearing Denied May 30, 2003.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Before: SKOPIL, FERNANDEZ and FISHER, Circuit Judges.

MEMORANDUM *

Amy Fulkerson appeals the grant of summary judgment in favor of her former employer, AmeriTitle, Inc., on her employment-related claims and the denial of her motion to bifurcate. We review the grant of summary judgment de novo, *Oliver v. Keller*, 289 F.3d 623, 626 (9th Cir.2002), and the trial court's decision not to bifur-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

cate a trial for abuse of discretion, *Hilao v. Estate of Marcos,* 103 F.3d 767, 782 (9th Cir.1996). We affirm in part, reverse in part and remand.[1]

■ Fulkerson contends her claims for pregnancy discrimination under both Title VII and Oregon law were improperly decided at summary judgment. We conclude Fulkerson has established the minimal showing necessary for a prima facie case and that there is a material dispute of fact regarding whether the proffered nondiscriminatory reason was pretextual.[2]

To state a prima facie case of discrimination, Fulkerson must show that: (1) she is a member of a protected class; (2) she was satisfactorily performing her job; (3) she was discharged; and (4) similarly situated persons not in her protected class were treated more favorably or that her position was filled by a person who was not pregnant. *See Villiarimo v. Aloha Island Air, Inc.,* 281 F.3d 1054, 1062 (9th Cir. 2002); *Pejic v. Hughes Helicopters, Inc.,* 840 F.2d 667, 672 (9th Cir.1988); *cf. McDonnell Douglas v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). AmeriTitle concedes Fulkerson has established the first and third elements of the prima facie case.

Fulkerson has met the minimal level of proof required to establish her prima facie case. First, she sufficiently demonstrated satisfactory performance, the second element, based on the favorable evaluations she received up to the time she revealed her pregnancy. *Villiarimo,* 281 F.3d at 1062. The plaintiff's burden is only to establish she was performing "well enough to rule out the possibility that [s]he was fired for inadequate performance." *Pejic,* 840 F.2d at 672. AmeriTitle argues Fulkerson's unsatisfactory performance is nonetheless established by her admission that she lied about being ill (the Las Vegas incident)—the lynchpin of AmeriTitle's claim that it fired her for proper cause. The showing of satisfactory performance necessary to establish a prima facie case is minimal and usually does not consider the nondiscriminatory reason proffered by the defendant. *See, e.g., Aragon v. Republic Silver State Disposal, Inc.,* 292 F.3d 654, 659–60 (9th Cir.2002) (we do not "conflate the minimal inference needed to establish a prima facie case with the specific, substantial showing [plaintiff] must make at the third stage of the *McDonnell Douglas* inquiry"). Even if this were not so, it would be improper to consider the lie because, as we discuss below, there is a material dispute of fact as to whether AmeriTitle knew of the lie prior to discharging Fulkerson. *Cf. McKennon v. Nashville Banner Pub'g Co.,* 513 U.S. 352, 358–60, 115 S.Ct. 879, 130 L.Ed.2d 852 (1995) (after-acquired evidence not admissible to determine liability even where admitted by the plaintiff).

■ Fulkerson has also satisfied the fourth element of her prima facie case by presenting facts, which taken in the light most favorable to Fulkerson create a reasonable inference that a similarly situated male employee, Andy Melsness, was treated more favorably when AmeriTitle doubted his medical excuse for not reporting to

---

1. We reject AmeriTitle's contention that we must accept its statement of facts as true because Fulkerson failed timely to deny or otherwise controvert those facts as required by local rules. Whatever interpretation of the local rules is appropriate, the district court did not accepted AmeriTitle's facts as true and we shall not do so now. Thus, we review the record as a whole in the light most favorable to Fulkerson.

2. The burden shifting approach applied to Title VII cases is also applicable to claims under Oregon state law when tried in federal court. *Snead v. Metro Prop. & Cas. Ins. Co.* 237 F.3d 1080, 1091–93 (9th Cir.2001).

work.[3] *Villiarimo*, 281 F.3d at 1062. Although Andy Melsness initially had a legitimate medical excuse for his absence, AmeriTitle came to believe Melsness was lying about the time needed for recovery. AmeriTitle nonetheless offered Melsness repeated opportunities to return to work. To the extent necessary to demonstrate a prima facie case, we see little difference between the two lies. Moreover, the inference of differential treatment is aided by direct evidence of discriminatory intent in the form of remarks by AmeriTitle's president implying displeasure with Fulkerson's becoming pregnant. *See United States Postal Serv. Bd. v. Aikens*, 460 U.S. 711, 714 n. 3, 103 S.Ct. 1478, 75 L.Ed.2d 403 (1983); *Costa v. Desert Palace, Inc.*, 299 F.3d 838, 855 (9th Cir.2002) (en banc) *cert. granted*, —— U.S. ——, 123 S.Ct. 816, 154 L.Ed.2d 766 (2003); *Jauregui v. City of Glendale*, 852 F.2d 1128, 1135 (9th Cir. 1988). In sum, we hold that Fulkerson has made the minimal showing necessary for a prima facie case.

■ We also conclude there is a material dispute of fact concerning whether AmeriTitle's proffered nondiscriminatory reason is pretextual. AmeriTitle claims to have fired Fulkerson because of the Las Vegas lie.[4] However, the source who allegedly informed AmeriTitle about the lie testified that she did not discuss the matter with anyone until after Fulkerson's discharge. Moreover, AmeriTitle did not express this reason at the time of the discharge, particularly in the memos her two supervisors wrote in documenting the discharge. This evidence creates a dispute as to whether AmeriTitle knew about the lie prior to discharging Fulkerson and thus whether the lie could have formed the basis for AmeriTitle's decision. Additionally, the apparent differential treatment of Andy Melsness raises a second and independent issue of pretext. We thus hold that Fulkerson's claims for discriminatory discharge survive summary judgment. *Lyons v. England*, 307 F.3d 1092, 1112–13 (9th Cir.2002) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000)).

We affirm the grant of summary judgment on each of Fulkerson's other claims:

(1) Fulkerson claims she was subjected to a hostile environment. We disagree. The instances complained of are stray remarks that, although they may inform the prima facie case analysis, do not suffice to demonstrate the necessary severe and pervasive hostility. *Faragher v. City of Boca Raton*, 524 U.S. 775, 787–88, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998).

(2) Fulkerson contends summary judgment is inappropriate on her claim for intentional infliction of emotional distress. We disagree. No conduct rose to the level of "an extraordinary transgression of the bounds of socially tolerable conduct." *McGanty v. Staudenraus*, 321 Or. 532, 901 P.2d 841, 849 (Or.1995).

---

3. AmeriTitle's argument regarding the authentication of this evidence is without merit. *Orr v. Bank of Am.*, 285 F.3d 764, 777 & n. 20 (9th Cir.2002); *Maljack Prods., Inc. v. Good-Times Home Video Corp.*, 81 F.3d 881, 889 n. 12 (9th Cir.1996) (documents authenticated by attachment to declaration of defendant's attorney stating they were produced by plaintiff in discovery).

4. AmeriTitle also claims to have relied on an alleged statement by Fulkerson referring to her supervisor as a "bitch." The record on summary judgment is not sufficient to sustain this alleged incident as a non-pretextual basis for the discharge. Moreover, the transcript of the summary judgment hearing indicates that AmeriTitle apparently disavowed other performance problems as the basis for the discharge, representing to the district court that Fulkerson "was not terminated for the bad performance issues."

Finally, Fulkerson contends the district court erroneously denied her motion to bifurcate the trial. The district court denied the motion as moot due to the grant of summary judgment. We need not decide the merits of the motion, which the district court has yet to determine.

The parties shall bear their own costs on appeal.

**AFFIRMED IN PART, REVERSED IN PART and REMANDED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.