Ron **KVILHAUG**, Plaintiff—Appellant,

v.

**EXXON MOBIL CORPORATION,**
a New Jersey corporation,
Defendant—Appellee.

No. 02–35132.
D.C. No. CV–00–00084–JDS.

United States Court of Appeals,
Ninth Circuit.

Submitted May 9, 2003.*

Decided May 20, 2003.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before CUDAHY,** O'SCANNLAIN, and GOULD, Circuit Judges.

## MEMORANDUM***

Ron Kvilhaug appeals the district court's order granting summary judgment in favor of Exxon Mobil on his Montana Human Rights Act ("MHRA") claim. The facts are known to the parties and will not be repeated herein except as necessary.

We review de novo the district court's decision to grant summary judgment. *See Oliver v. Keller*, 289 F.3d 623, 626 (9th Cir.2002). In order to survive summary judgment on his "regarded as" disabled claim under the MHRA, the burden is on Kvilhaug to make out a prima facie case that his employer regarded him as "significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities." *See* 29 C.F.R. § 1630.2(i)(3)(i); *Butterfield v. Sidney Pub. Schs. & The Human Rights Comm'n of the State of Montana*, 306 Mont. 179, 182–83, 32 P.3d 1243 (2001).

Viewing the evidence in the light most favorable to Kvilhaug, we must conclude he has failed to meet that burden here. Kvilhaug remains employed with Exxon since his removal from positions designated as safety-sensitive, *see EEOC v. Exxon Corp.*, 124 F.Supp.2d 987, 1007 (N.D.Tex. 2000) ("Retention of an employee in other positions has been found to suggest that an employer does *not* perceive an employee as substantially limited in working.") (emphasis in original), and he concedes that he is not precluded from holding 86.5% of all jobs within the refinery. *See Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 491–92, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999) ("If jobs utilizing an individual's skills (but perhaps not his or her unique talents) are available, one is not precluded from a substantial class of jobs."); *Tardie v. Rehab. Hosp. of Rhode Island*, 168 F.3d 538, 542 (1st Cir.1999) ("an impairment that disqualifies a person from a narrow range of jobs is not considered a substantially limiting one.").

More importantly, Kvilhaug has presented no evidence that his employer regards him as significantly restricted in his ability to work in the "geographical area" to which he has "reasonable access." *See Thornton v. McClatchy Newspapers, Inc.*, 261 F.3d 789, 795 (9th Cir.2001) ("[A] plaintiff *must present specific evidence about relevant labor markets* to defeat summary judgment on a claim of substantial limitation of working.") (emphasis added); *Carroll v. Xerox Corp.*, 294 F.3d 231, 240 (1st Cir.2002) (affirming summary judgment in favor of employer on a "regarded as" claim because plaintiff presented no evidence such as "expert vocational testimony, or publicly available labor market statistics"); *Zarzycki v. United Techs. Corp.*, 30 F.Supp.2d 283, 291 (D.Conn. 1998) (granting summary judgment to employer because plaintiff "did not take into consideration the specific job market in the geographic area to which plaintiff had reasonable access, such as the area from which plaintiff could reasonably commute...."). In short, Kvilhaug has "wholly failed to show that [his] employment opportunities within [his] geographic area

---

** The Honorable Richard D. Cudahy, Senior United States Circuit Judge for the Seventh Circuit Court of Appeals, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

[are] generally foreclosed." *Exxon,* 124 F.Supp.2d at 1010–11.

**AFFIRMED.**

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.