**Dan L. SPRINGATE, individually as a devisee of the Will of Fred E. Springate, deceased, and as Executor of the Estate of Fred E. Springate, Plaintiff—Appellee,**

v.

**WEIGHMASTERS MURPHY, INC.; Money Purchase Pension Plan; Charles E. Murphy; John E. Murphy; Frank Murphy, Defendants—Appellants.**

No. 02–56346.

D.C. No. CV–01–03551–DT.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 4, 2003.

Decided Aug. 22, 2003.

Ronald M. LaBran, Zeutzius & LaBran, Gary C. Nawa, Law Offices of Gary C. Nawa, Pasadena, CA, for Plaintiff-Appellee.

E.W. Sheridan, Fulwider, Patton, Lee & Utecht, Long Beach, CA, Thomas E. Shardlow, Patricia G. Vick, The Law Offices of Shardlow & Vick, Pasadena, CA, for Defendant–Appellant.

Before KOZINSKI and T.G. NELSON, Circuit Judges, and RESTANI,* Court of International Trade Judge.

### MEMORANDUM**

Weighmasters Murphy, Inc., the Money Purchase Pension Plan ("Plan"), Charles Murphy, John Murphy, and Frank Murphy ("Appellants") appeal the district court's grant of summary judgment in favor of Dan Springate. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Reviewing summary judgment de novo,[1] we find that the district court properly held Appellants liable for breach of their fiduciary duties.[2] Appellants concede that they breached their duties.[3] Indeed, they were entirely unaware of their duties.[4]

The district court's award was not clear error.[5] The district court's calculation of loss beginning in the year that Appellants assumed sole responsibility over the Plan's administration properly attributed Appellants' breaches to the award.

The remainder of the issues Appellants raise are without merit.

Springate, as the prevailing party on appeal, is presumptively entitled to his attorney's fees. Appellants' culpability and the merits of their position in this appeal favor an award of attorney's fees and costs to Springate.[6] Springate shall file a motion and proof of his claim with the clerk for referral to the Appellate Commissioner.

### AFFIRMED.

---

* The Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *Oliver v. Keller,* 289 F.3d 623, 626 (9th Cir.2002).

2. 29 U.S.C. § 1109(a). Section 1109 provides:

(a) Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries ... shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

3. Although Appellants dispute whether the Plan's investment was diversified, their argument is without merit. Appellants had 97% of the Plan invested in two funds. This is hardly a diversified investment. *See, e.g., Donovan v. Mazzola,* 716 F.2d 1226, 1230, 1238 (9th Cir.1983) (holding that two investments violated diversification requirement).

4. 29 U.S.C. § 1104(a) (listing fiduciary duties).

5. *Laborers Clean–Up Contract Admin. Trust Fund v. Uriarte Clean–Up Serv., Inc.,* 736 F.2d 516, 520 n. 2 (9th Cir.1984).

6. *Smith v. Ret. Fund Trust,* 857 F.2d 587, 592 (9th Cir.1988).