Ricky Earl BROWN, Plaintiff—
Appellant,

v.

Sandra M HAND; MTA; Glenn
Mueller; J Busi; C Smith,
Defendants—Appellees.

No. 02–15679.

DC No. CV 97–01320 LKK.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 7, 2003.

Decided Nov. 5, 2003.

Ricky Earl Brown, Ione, CA, pro se.

Amber V. Cottingham, Cert. Law Student, Carter C. White, U.C. Davis Law School, Davis, CA, for Plaintiff–Appellant.

John William Riches, II, Attorney General's Office, Allen Robert Crown, Attorney General's Office of the State of California, Sandra L. Lusich, AGCA—Office of the California, Attorney General (SAC), Sacramento, CA, for Defendant–Appellee.

Before B. FLETCHER, TASHIMA, Circuit Judges, and POLLAK, Senior District Judges.*

MEMORANDUM**

Plaintiff–Appellant Ricky Earl Brown, a state prisoner, appeals the judgment of the district court granting summary judgment in favor of Defendant–Appellees, Sandra Hand and Linda Barz (collectively,

---

* The Honorable Louis H. Pollak, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

"Barz"). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse.

We review a grant of summary judgment de novo. *Oliver v. Keller,* 289 F.3d 623, 626 (9th Cir.2002). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Id.*

■ The district court erred in granting summary judgment in favor of Barz because genuine issues of material fact remain as to whether Barz was deliberately indifferent to Brown's serious medical needs.[1] First, there is a triable issue of fact as to whether Barz caused Brown to suffer a "sufficiently serious" medical deprivation within the meaning of the Eighth Amendment. *See Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (stating that "the deprivation alleged must be, objectively, sufficiently serious") (internal quotation marks omitted). Barz contends that no issue of fact exists because there are no medical records proving that Brown suffered asthma attacks or any long-term harm to his health as a result of the delay in obtaining his asthma inhaler.

A showing of actual harm is not required. A claim based on a failure to prevent harm need only contain a showing that the inmate is "incarcerated under conditions posing a substantial *risk* of serious harm" *Id.* at 834 (emphasis added). Without his inhaler, Brown experienced at least some risk of suffering some medical harm. Whether Brown was placed at substantial risk of serious harm is a question appropriate for a jury or other factfinder.

■ Second, a triable issue of fact remains as to whether Barz demonstrated deliberate indifference to the risk faced by Brown. Barz contends that Brown has no evidence that Barz affirmatively destroyed Brown's prescription requests, and that the delay was caused by Brown's own failure to follow the proper procedure for renewing his prescription. However, Brown is not required to prove that Barz acted purposefully or even knowingly. All Brown need show is that Barz exhibited a reckless disregard to the substantial risk faced by Brown. *See Id.* at 835–36 (stating that "deliberate indifference ... is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result"; rather, "acting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk"). Brown submitted multiple prescription requests for potentially life-saving medication to Barz. A jury could reasonably conclude that Barz's apparent repeated failures to forward those requests to the pharmacy demonstrates reckless disregard of Brown's serious medical needs.

Moreover, drawing all inferences in Brown's favor, Brown's evidence suggests that he made several good faith attempts to comply with the proper procedure for obtaining a new inhaler. The question of whether Brown or Barz caused the delay requires the weighing of evidence, making it inappropriate for resolution on summary judgment. Therefore, the issue of whether Barz was deliberately indifferent should be resolved at trial rather than on summary judgment.

Because triable issues of fact remain as to whether Brown was at substantial risk of serious harm, and whether Barz acted with deliberate indifference, the judgment of the district court is

---

1. Because the parties are familiar with the facts, we do not recite them here except as necessary to aid in understanding this disposition.

REVERSED and REMANDED for further proceedings.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.