**Lorenzo SANDOVAL, Plaintiff–Appellant,**

v.

**R. MORGAN; et al., Defendants–Appellees.**

No. 03–35528.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 8, 2003.*

Decided Dec. 18, 2003.

Lorenzo Sandoval, pro se, Aberdeen, WA, for Plaintiff–Appellant.

Douglas Wayne Carr, Esq., Office of the Washington Attorney General, Olympia, WA, for Defendant–Appellee.

Before GOODWIN, WALLACE and TROTT, Circuit Judges.

MEMORANDUM **

Washington state prisoner Lorenzo Sandoval appeals pro se the district court's summary judgment for defendants in his 42 U.S.C. § 1983 action alleging that prison officials violated his constitutional rights by failing to protect him, retaliating against him and mishandling his grievances. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Oliver v. Keller,* 289 F.3d 623, 626 (9th Cir.2002), and we affirm.

The district court properly granted summary judgment on Sandoval's deliberate indifference claims because Sandoval failed to raise a genuine issue of material fact as to whether defendants' alleged failure to act was accompanied by a culpable state of mind. *See Berg v. Kincheloe,* 794 F.2d 457, 459 (9th Cir.1986).

The district court properly granted summary judgment on Sandoval's retaliation claims because Sandoval provided only conclusory allegations. *See Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir.1989) (conclusory allegations are insufficient to defeat

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

852

properly supported summary judgment motion).

Sandoval's remaining contentions are unpersuasive.

AFFIRMED.

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.