Joan M. JACOBS, Plaintiff—Appellant,

v.

The BOEING COMPANY,
Defendant—Appellee.

No. 02–35738.

D.C. No. CV–01–01295–BJR.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 4, 2003.*

Decided Dec. 22, 2003.

---

George Hunter, Lane, Powell, Spears, Lubersky L.L.P., Frederick Henry Gautschi, Harrell, Desper, Connell & Roesch, Seattle, WA, for Plaintiff–Appellant.

Sonja Lengnick, Annjanette Michelle Cooper, Perkins Coie LLP, Seattle, WA, for Defendant–Appellee.

Before BRUNETTI, T.G. NELSON, and GRABER, Circuit Judges.

### MEMORANDUM**

Joan Jacobs appeals the district court's summary judgment dismissal of her suit against her former employer, Boeing Company ("Boeing"), in which she alleged retaliation for having opposed sex discrimination under Title VII[1] and the Washington Law Against Discrimination.[2] We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. Because the facts are familiar to the parties, we do not recite them here.

The district court properly granted summary judgment to Boeing.[3] Although Jacobs' supervisors implored her to explore other options within Boeing and to remain in its employ, Jacobs voluntarily ended her employment with the company. Boeing did not constructively discharge Jacobs. Because Jacobs has not suffered an adverse employment action, she has failed to present a *prima facie* case of retaliation.[4]

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* FED R.APP. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. 42 U.S.C. § 2000e *et seq.*

2. WASH. REV.CODE § 49.60 *et seq.* (West 1997).

3. We review the district court's grant of summary judgment *de novo. See Oliver v. Keller,* 289 F.3d 623, 626 (9th Cir.2002).

4. *See Trent v. Valley Elec. Ass'n,* 41 F.3d 524, 526 (9th Cir.1994) (stating that a plaintiff alleging retaliation in violation of Title VII must demonstrate: "(1) that she was engaging in a protected activity, (2) that she suffered an adverse employment decision, and

Jacobs' remaining arguments are, accordingly, moot.

AFFIRMED.

(3) that there was a causal link between her activity and the employment decision"); *Washington v. Boeing Co.*, 105 Wash.App. 1, 19 P.3d 1041, 1045 (2000) (noting that Washington's "discrimination laws substantially parallel Title VII").

