**Robert G. RASMUSSEN,**
**Plaintiff—Appellant,**

v.

**CITY OF SAN MARINO; et al.,**
**Defendants—Appellees.**

No. 03–55138.

United States Court of Appeals,
Ninth Circuit.

Submitted: May 10, 2004.*

Decided: May 14, 2004.

Robert G. Rasmussen, San Marino, CA, pro se.

Scott J. Grossberg, Esq., Javan N. Rad, Cihigoyenetche Grossberg & Clouse, Rancho Cucamonga, CA, for Defendants–Appellees.

Before: CANBY, KOZINSKI, and PAEZ, Circuit Judges.

MEMORANDUM **

Robert G. Rasmussen appeals pro se the district court's summary judgment dismissing his 42 U.S.C. § 1983 action alleging that the City of San Marino ("City") and various City employees violated his Fourth Amendment rights by harassing him and subjecting him to traffic stops.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review summary judgment de novo, *Oliver v. Keller*, 289 F.3d 623, 626 (9th Cir.2002), and we affirm.

The district court properly granted defendants summary judgment because the incidents Rasmussen complains of were either valid investigatory entries onto the curtilage of his home, *see United States v. Hammett*, 236 F.3d 1054, 1059 (9th Cir. 2001), or valid investigatory traffic stops, *see United States v. Dorais*, 241 F.3d 1124, 1130–31 (9th Cir.2001). The district court properly found that Rasmussen failed to establish a material issue of fact as to whether various City employees had acted from improper motives. *See Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1028 (9th Cir.2001) ("A plaintiff's belief that a defendant acted from an unlawful motive, without evidence supporting that belief, is no more than speculation or unfounded accusation about whether the defendant really did act from an unlawful motive.").

The district court did not abuse its discretion in denying Rasmussen's motion for reconsideration because he did not present newly-discovered evidence, demonstrate clear error, or show an intervening change in controlling law. *See Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir.2001).

Rasmussen's remaining contentions lack merit.

We deny Rasmussen's requests for judicial notice.

We deny Appellees' request for attorney's fees pursuant to Fed. R.App. P. 39, without prejudice to the filing of such a motion in accordance with Ninth Circuit Rule 39–1.

**AFFIRMED.**

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.