**Rafat ASRAR, Plaintiff–Appellant,**

v.

**TRAVELERS EXPRESS COMPANY, INC., Defendant–Appellee.**

No. 05–56389.

United States Court of Appeals, Ninth Circuit.

** This disposition is not appropriate for publication and may not be cited to or by the

Submitted Dec. 4, 2006.*

Filed Dec. 8, 2006.

Rafat Asrar, Irvine, CA, pro se.

Kathryn J. Bergstrom, Esq., Gray, Plant, Mooty, Mooty & Bennett, P.A., Minneapolis, MN, Jennifer J. Waldner, Esq., Peitzman Weg & Kempinsky, Los Angeles, CA, for Defendant–Appellee.

Before: GOODWIN, LEAVY, and FISHER, Circuit Judges.

## MEMORANDUM **

Rafat Asrar appeals the District Court's order granting Travelers Express Company's summary judgment as to each of Asrar's three causes of action against Travelers.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

In reviewing a decision to grant summary judgment, we view the evidence in the light most favorable to the nonmoving party and determine whether there are genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Oliver v. Keller,* 289 F.3d 623, 626 (9th Cir.2002).

 Here, Asrar has not raised a triable issue of fact as to any of his causes of action. His conversion cause of action fails because Travelers committed no wrongful act. *See In re Emery,* 317 F.3d 1064, 1069 (9th Cir.2003). Travelers can not be held liable for conversion under an agency theory, as the agent's bad acts about which Asrar complains were beyond the scope of the agency between Travelers and its agent. *See Van't Rood v. County of Santa Clara,* 113 Cal.App.4th 549, 573, 6 Cal. Rptr.3d 746, 765 (Cal.Ct.App.2003). Asrar's fraud cause of action fails because Travelers neither made a material misrepresentation nor intended to deceive Asrar. *See Lazar v. Superior Ct.,* 12 Cal.4th 631, 638, 909 P.2d 981, 984, 49 Cal.Rptr.2d 377, 380 (Cal.1996). Finally, Asrar's breach of contract cause of action fails because no contract existed between Asrar and Travelers.

Accordingly, the District Court committed no error in concluding that Travelers was entitled to summary judgment on each of Asrar's causes of action.

**AFFIRMED.**