**Laurence WOODS, et al., Plaintiffs—Appellants,**

v.

**Dan NOELLE, Sheriff, et al., Defendants—Appellees.**

No. 01–35996.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 3, 2003.

Decided June 10, 2003.

Before: LAY,* FERGUSON, and TASHIMA, Circuit Judges.

### MEMORANDUM **

Laurence Woods ("Woods"), a Muslim inmate, appeals the District Court's grant of summary judgment in favor of defendants, officials at the Multnomah County Inverness Jail ("Jail") in Portland, Oregon. In his 42 U.S.C. § 1983 action, Woods alleged that the defendants violated his rights under the First and Fourteenth Amendments to the Constitution by limiting the exercise and practice of his religion. On appeal, Woods contends that the District Court erred by granting summary judgment to defendants on the grounds that there were no genuine issues of material fact. For the reasons set forth below, we reverse the District Court's decision and remand for further proceedings consistent with this memorandum.

We have jurisdiction pursuant to 28 U.S.C. § 1291. The parties are familiar with the facts and the procedural history of the case. Therefore, we do not repeat them here.

A district court's grant of summary judgment in a 42 U.S.C. § 1983 action is reviewed *de novo*. *Bauer v. Sampson*, 261 F.3d 775, 781 (9th Cir.2001); *see also Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646, 652 (9th Cir.2002) ("We review the district court's order granting summary judgment *de novo*.").

The appellate court must determine, "[v]iewing the evidence in the light most favorable to the nonmoving party ...

whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Oliver v. Keller*, 289 F.3d 623, 626 (9th Cir.2002). "An issue is 'genuine' only if there is sufficient evidence for a reasonable fact finder to find for the nonmoving party." *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 992 (9th Cir.2001). "A fact is 'material' if the fact may affect the outcome of the case." *Id.*

Woods is alleging that the defendants violated his rights under the First and Fourteenth Amendments. "To ensure that courts afford appropriate deference to prison officials," the Supreme Court has applied a "reasonableness" test to alleged violations of an inmate's rights under the Free Exercise Clause of the First Amendment. *See O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349, 107 S.Ct. 2400, 96 L.Ed.2d 282 (1987). Thus, when a prison regulation impinges upon an inmate's religious rights, "the regulation is valid if it is reasonably related to legitimate penological interests." *Id.*

■ There exist several factors that should inform a court's analysis of an inmate's Free Exercise claim. "First, a regulation must have a logical connection to legitimate governmental interests invoked to justify it." *O'Lone*, 482 U.S. at 350. Second, a court must assess whether "alternative means of exercising the right ... remain open to prison inmates." *Id.* at 351. Next, "the impact that accommodation of [the] asserted right would have on other inmates, on prison personnel, and on allocation of prison resources generally" should be assessed. *Id.* at 352. Finally, a court should consider whether there are

---

* The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

alternatives to the prison regulation that can be easily implemented. *Id.* at 353.

The District Court did not give adequate consideration to the factors that the Supreme Court applied in *O'Lone.* Its analysis of many of Woods' claims was very limited or non-existent. Furthermore, the District Court made no reference whatsoever to Woods' claim under the Religious Freedom Restoration Act in its order. In addition, the District Court accepted as uncontradicted a number of facts which were, in fact, controverted by Woods' deposition testimony. Thus, the District Court erroneously granted summary judgment in favor of defendants.

■ Additionally, Woods filed motions for appointment of counsel on June 25 and July 2, 2001, which the District Court denied, noting that "Plaintiff has demonstrated sufficient ability to articulate his claims. The facts and legal issues involved in this case are not of substantial complexity." Similarly, a screening panel of this circuit denied Woods' motion for appointment of counsel last year, citing an absence of "exceptional circumstances." However, Woods' appeal was subsequently designated by our staff attorneys as suitable for oral screening. The fact that the screening panel was unable to decide whether the Jail's practices impinged on Woods' religious rights without justification belies the District Court's statement that the case was simple. The District Court's failure to appoint counsel for Woods undoubtedly contributed to the inadequate factual development and record in this case. Moreover, it became apparent at oral argument that the issues are indeed complex and that an attorney is necessary.

In light of the above, we reverse the District Court's grant of summary judgment in favor of defendants and remand the case for reconsideration of Woods' claims consistent with *O'Lone.* Further-

more, we order the District Court to appoint counsel for Woods, should his volunteer counsel be unable to continue representing him.

**REVERSED AND REMANDED**