**DALTON, BROWN & LONG INC.,**
a California corporation,
Plaintiff—Appellant,

v.

**EXECUTIVE RISK INDEMNITY,**
**INC., a corporation, Defendant—**
**Appellee.**

No. 02–56458.

D.C. No. CV–01–10773–AHM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 17, 2003.

Decided Aug. 6, 2003.

Before KLEINFELD, WARDLAW, Circuit Judges, and POGUE, Judge.*

MEMORANDUM**

Dalton, Brown, and Long appeals the District Court's decision granting summary judgment to Executive Risk. We review de novo a grant of summary judgment, *Oliver v. Keller*, 289 F.3d 623, 626 (9th Cir.2002), applying California substantive law to the interpretation of the contract in dispute, *Stanford Ranch, Inc. v. Maryland Cas. Co.*, 89 F.3d 618, 624 (9th Cir.1996). We affirm.

The letter of October 30, 2001 was a claim made prior to the policy period. Though the claim alleged misconduct by Nick Segal, it was a claim against the named insured, Dalton, Brown & Long ("DBL"), because it was based on Segal's fraudulent conduct toward the Mestmans in carrying out DBL's duties as their real estate broker. The letter was addressed to Segal at DBL, and cross copied to DBL's office manager. It states a claim that Segal lied to the Mestmans and breached fiduciary duties to them, thereby acquiring their house for himself and his associates for $320,000 less than the asking price. DBL, reading the letter cross copied to its manager, would necessarily understand it to be a claim for which it was liable on *respondeat superior* principles. The letter says that if Segal does not deliver a cashier's check for $320,000, the Mestmans will pursue "all" remedies,

which would obviously include remedies against DBL.

We need not reach the other grounds argued by Executive Risk, because it prevails on the policy period issue. DBL's duty to defend arguments are beside the point, because by the time the claim was tendered to Executive, it had already been made prior to the policy period, and there was no potential for any outcome to the contrary.

The decision of the District Court is

AFFIRMED.

---

* The Honorable Donald Pogue, United States Court of International Trade, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.