Andre B. YOUNG, Plaintiff—Appellant,

v.

Mark SELING, Dr, et al., Defendants— Appellees.

No. 01–35697.

D.C. No. CV–98–05351–RJB.

United States Court of Appeals, Ninth Circuit.

Submitted June 2, 2003.*

Decided Aug. 11, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Appeal from the United States District Court for the Western District of Washington, Robert J. Bryan, District Judge, Presiding.

Before B. FLETCHER, BRUNETTI, and MCKEOWN, Circuit Judges.

## MEMORANDUM**

Appellant Andre Young filed a civil rights action pursuant to 42 U.S.C. § 1983 arguing a violation of his constitutional rights. Specifically, Young contends that the Special Commitment Center ("SCC") violated his constitutional rights by monitoring his telephone calls and for denying his incoming and outgoing telephone calls from April 18 through September 24, 1998, when Young's sister was terminally ill.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and we REVERSE the district court's order granting summary judgment for the defendants. Further, we hold that the defendants are not entitled to qualified immunity.

** This disposition is not appropriate for publication and may not be cited to or by the

### I.
### Summary Judgment

■ We review a grant of summary judgment de novo. *Oliver v. Keller,* 289 F.3d 623, 626 (9th Cir.2002). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relative substantive law. *Id.*

In granting summary judgment for the defendants, the district court focuses primarily on the November 1998 Order, issued by Judge Dwyer. However, the telephone issue raised in this appeal was clearly addressed in the 1994 injunction issued by the Superior Court of the State of Washington for King County, and the SCC has been on notice since that time. The district court's focus should have been on that injunction and on Judge Dwyer's reaffirmation of the validity of the injunction in his order of November 15, 1999, and his published opinion *Turay v. Seling,* 108 F.Supp.2d 1148 (W.D.Wash.2000). Specifically, Judge Dwyer stated: "[a]s noted in the order of November 15, 1999, each of these steps corresponds to an item in the original 1994 injunction." *Id.* at 1155.

Furthermore, Judge Dwyer found that the telephone access was still lacking and he went through an item-by-item analysis of the issues that were pending since the 1994 injunction. For example, finding 9(c) states that the SCC must allow "prompt telephone access to residents in cases of family emergency." *Id.* at 1156. The SCC had installed a telephone system that allowed only outgoing calls at the time of the *Turay* decision. *Id.* Finding 9(d) noted that the SCC must "[e]liminate the

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

monitoring of residents' telephone calls and the bar on outgoing calls (other than collect)." *Id.* at 1157.

The SCC had been put on notice that it must come into compliance with the 1994 injunction by allowing civilly committed individuals to have telephone access. Nonetheless, the SCC denied Young his telephone rights. Accordingly, the district court erred by granting summary judgment in favor of the defendants because Young set forth sufficient facts indicating the existence of a genuine issue for trial. *See* Fed.R.Civ.P. 56(c). In addition, on the facts alleged, "a constitutional right would have been violated" and that right "was clearly established." *Saucier v. Katz,* 533 U.S. 194, 200, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).

## II.

### Qualified Immunity

The Supreme Court has made clear that in a § 1983 suit for an alleged violation of a constitutional right, "the requisites of a qualified immunity defense must be considered in proper sequence." *Saucier v. Katz,* 533 U.S. 194, 200, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). Because qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation," a ruling on the issue should be made early in the litigation, to avoid costs and expenses of trial where the issue is dispositive. *Id.* (quoting *Mitchell v. Forsyth,* 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985)).

The Court has set forth a two-step analysis that must be strictly adhered to. *See id.* The first inquiry "must be whether a constitutional right would have been violated on the facts alleged." *Id.* The second inquiry is "whether the right was clearly established." *Id.*

### A. On Young's Alleged Facts, A Constitutional Violation Occurred.

The threshold question that must be considered, is whether taken in the light most favorable to Young, the facts that he alleges show that the SCC's conduct violated a constitutional right. Young argues that he was denied access to the telephones at the SCC between the months of April to September, 1998. Specifically, he contends that the SCC violated his First Amendment rights by monitoring his telephone calls and denying him incoming and outgoing calls while his sister was terminally ill.

We have held that "[p]risoners have a First Amendment right to telephone access, subject to reasonable security limitations." *Keenan v. Hall,* 83 F.3d 1083, 1092 (9th Cir.1996) (citing *Strandberg v. City of Helena,* 791 F.2d 744, 747 (9th Cir.1986)). Since *Keenan,* we have continued to recognize "the existence of a First Amendment right to telephone access subject to reasonable security measures." *Carlo v. City of Chino,* 105 F.3d 493, 496 (9th Cir.1997); *Henry v. County of Shasta,* 132 F.3d 512, 519 (9th Cir.1997). Moreover, the Supreme Court has held that "[p]ersons who have been involuntarily committed are entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." *Youngberg v. Romeo,* 457 U.S. 307, 321–22, 102 S.Ct. 2452, 73 L.Ed.2d 28 (1982). The Court went on to state that the standard is however, "lower than the 'compelling' or 'substantial' necessity tests ..." *Id.* at 322.

Viewing Young's allegations in a favorable light, if he was denied telephone access, particularly during times of familial emergencies, a constitutional violation "could be found." *Saucier,* 533 U.S. at 207.

### B. The Right Was Clearly Established.

"The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* at 202.

Not only is the law clearly established that prisoners have a First Amendment right to telephone access subject to reasonable security measures, *Keenan,* 83 F.3d at 1092; *Carlo,* 105 F.3d at 496; *Henry,* 132 F.3d at 519, the law also clearly establishes that civil detainees should be subject to fewer limitations on their constitutional rights. *Youngberg,* 457 U.S. at 321–22. In this case, the officers were put on notice by the 1994 injunction that not providing telephone access to SCC detainees was constitutionally inadequate, especially in cases of family emergencies. *See Turay,* 108 F.Supp.2d at 1155–57. The right of civil detainees to use telephones was reiterated in Judge Dwyer's orders in 1998 and 1999 and the *Turay* opinion in 2000. *See Turay,* 108 F.Supp.2d at 1155. Therefore, the right to telephone access was clearly established and a reasonable officer would recognize that prohibiting access would violate that right.

### III.

### Conclusion

Accordingly, we REVERSE the district court's order granting summary judgment for the defendants. We also hold that the defendants are not entitled to qualified immunity because the right to telephone access was clearly established.

REVERSED and REMANDED.