**G. Daniel WALKER, Plaintiff–Appellant,**

v.

**M. PETE; et al., Defendants–Appellees.**

No. 02–16372.

D.C. No. CV–99–06417–OWW.

United States Court of Appeals,
Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Submitted Sept. 15, 2003.*

Decided Sept. 22, 2003.

G. Daniel Walker, Calipatria, CA, pro se.

John William Riches, II, Attorney General's Office, Sacramento, CA, for Defendants–Appellees.

Before B. FLETCHER, SILVERMAN, and WARDLAW, Circuit Judges.

MEMORANDUM**

G. Daniel Walker, a California state prisoner, appeals pro se the district court's summary judgment for California Department of Corrections officials in Walker's 42 U.S.C. § 1983 action, alleging that his constitutional rights were violated when officials seized his eyeglasses and denied him access to the courts. We have jurisdiction

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

pursuant to 28 U.S.C. § 1291. We review summary judgment de novo, *Oliver v. Keller,* 289 F.3d 623, 626 (9th Cir.2002), and we affirm.

■ Contrary to Walker's contention, the district court did not abuse its discretion by modifying the pre-trial scheduling order to permit defendants to file a motion for summary judgment because the request to modify the schedule was made following defendants' counsel's kidney surgery, the motion did not catch Walker by surprise, and the court noted that modification was in the interest of judicial economy. *Cf. Byrd v. Guess,* 137 F.3d 1126, 1132 (9th Cir.1998).

■ The district court properly granted summary judgment to defendants on Walker's Eighth Amendment claim because Walker failed to raise a genuine issue of material fact as to whether the temporary seizure of his eyeglasses resulted in a sufficiently serious deprivation. *See Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

To the extent Walker claimed that his personal property other than his eyeglasses was seized, this claim is barred in light of the state's adequate post-deprivation remedy for property loss. *See Barnett v. Centoni,* 31 F.3d 813, 816 (9th Cir.1994) (per curiam).

■ To the extent Walker claimed that he was denied access to the courts, summary judgment was proper because he failed to present evidence that he suffered actual injury to "contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim."

*Lewis v. Casey,* 518 U.S. 343, 348, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.