Damian McKINNEY, Plaintiff–
Appellant,

v.

Gregory CHIDLEY, Sergeant;  et
al., Defendants–Appellees.

No. 03–56068.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 8, 2003.*

Decided Dec. 16, 2003.

* The panel unanimously finds this case suitable
for decision without oral argument.  *See* Fed.
R.App. P. 34(a)(2).

**616**

Damian McKinney, pro se, Los Angeles, CA, for Plaintiff–Appellant.

Kunle Aderonmu, Reff & Aderonmu, Sherman Oaks, CA, Thomas K. Buck, Esq., USLA–Office of the U.S. Attorney, Los Angeles, CA, for Defendants–Appellees.

Before: GOODWIN, WALLACE, and TROTT, Circuit Judges.

## MEMORANDUM.**

Damian McKinney appeals pro se the district court's summary judgment for defendants in his 42 U.S.C. § 1983 action alleging that the City of Hawthorne, Hawthorne police officers, and the United States Marshals Service violated his constitutional rights and defamed by seizing and later viewing a video of McKinney engaging in a possible sexual assault of an underage unconscious female. We have jurisdiction pursuant to 28 U.S.C. § 1291.

We review de novo, *Oliver v. Kelle,* 289 F.3d 623, 626 (9th Cir.2002), and we affirm.

■ The district court properly determined that although Hawthorne Police officers violated the Fourth Amendment by seizing items beyond the scope of the warrant, the officers were nonetheless entitled to qualified immunity because they were acting pursuant to a facially valid warrant and their actions were reasonable. *See Case v. Kitsap County Sheriff's Dep't,* 249 F.3d 921, 929–30 (9th Cir.2001).

■ Summary judgment on McKinney's Fourth Amendment claim against the federal defendants was proper because uncontroverted affidavits showed that the federal officers did not participate in the seizure or subsequent viewing of the videotapes. *See Jones v. Williams,* 297 F.3d 930, 934 (9th Cir.2002).

■ Summary judgment on McKinney's claim against the City of Hawthorne was proper because McKinney failed to identify a municipal policy, custom or procedure, that caused any alleged constitutional violation. *See Redman v. County of San Diego,* 942 F.2d 1435, 1443–44 (9th Cir. 1991).

Summary judgment on McKinney's Fourteenth Amendment due process claim was proper because it was subsumed by his Fourth Amendment claim. *See Armendariz v. Penman,* 75 F.3d 1311, 1320 (9th Cir.1996) (citation omitted).

■ Summary judgment was proper on McKinney's First Amendment claim because McKinney failed to create a genuine issue of material fact as to whether the officers acted with intent to deny McKinney his first amendment rights. *Cf. Sloman v. Tadlock,* 21 F.3d 1462, 1469 (9th Cir.1994).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

■ Summary judgment on McKinney's claim alleging the seized property was never returned to him was proper because McKinney admitted at deposition that he did not follow California state law procedures for recovering property pursuant to Cal.Penal Code § 1536. *See City of West Covina v. Perkins,* 525 U.S. 234, 241, 119 S.Ct. 678, 142 L.Ed.2d 636 (1999) (holding California post-deprivation recovery procedures satisfy due process despite lack of notice to claimant of recovery procedures).

■ Summary judgment on McKinney's pendent state law defamation claim was proper because McKinney failed to comply with the presentment requirements of the California Tort Claims Act. *See* Cal. Gov. Code § 911.2; *Karim–Panahi v. Los Angeles Police Dep't.,* 839 F.2d 621, 627 (9th Cir.1988).

**AFFIRMED.**