Linda **RESZETYLO**, Plaintiff—
Appellant,

v.

**MORGAN STANLEY DEAN WITTER
& CO.**, a corporation; Talmadge
Wilson, Defendants—Appellees.

No. 02–56680.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 5, 2003.

Decided Dec. 17, 2003.

---

Robert T. Olmos, Esq., Allred, Maroko & Goldberg, Los Angeles, CA, for Plaintiff-Appellant.

James A. Goodman, Los Angeles, CA, Laura A. Dean, Esq., Epstein, Becker & Green, Los Angeles, CA, for Defendants–Appellees.

Before: PREGERSON, FERNANDEZ, and BERZON, Circuit Judges.

## MEMORANDUM *

Linda Reszetylo appeals the district court's order granting Morgan Stanley's motion for summary judgment. We review that decision *de novo. Oliver v. Keller,* 289 F.3d 623, 626 (9th Cir.2002). With respect to Reszetylo's claims that Morgan Stanley retaliated against her because she complained of gender discrimination, we reverse. With respect to all other claims, we affirm.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Morgan Stanley was entitled to summary judgment on Reszetylo's claims for sex discrimination based on a hostile work environment because those claims are time-barred. *National R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 116–18, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002) (to make out a continuing violation, there must be at least one timely act that is related to the other, untimely acts comprising a hostile work environment); *Richards v. CH2M Hill, Inc.,* 26 Cal.4th 798, 811–12, 111 Cal.Rptr.2d 87, 29 P.3d 175 (2001) (employment discrimination claims under FEHA are limited to acts that occurred within one year of the filing date); 42 U.S.C. § 2000e–5(e)(1) (Title VII claims for discriminatory treatment in the workplace must be filed within 300 days of the alleged unlawful employment practice).

■ Morgan Stanley likewise was entitled to summary judgment on Reszetylo's claims for disparate treatment based on gender. We apply the *McDonnell Douglas* test. *See Lyons v. England,* 307 F.3d 1092, 1112–13 (9th Cir.2002). Reszetylo failed to demonstrate that Morgan Stanley subjected her to any adverse employment action because of her gender.

■ Morgan Stanley was also entitled to summary judgment on Reszetylo's claims for discrimination on the basis of a disability. To establish a prima facie case of disability discrimination under the Americans with Disabilities Act (ADA) or FEHA, Reszetylo must demonstrate that: (1) she is disabled; (2) she is qualified (with or without a reasonable accommodation) to perform the essential functions of the job; and (3) she suffered an adverse employment action because of her disability. *Humphrey v. Memorial Hospitals*

*Ass'n,* 239 F.3d 1128, 1133 (9th Cir.2001). An individual is disabled under the ADA if she has "a physical or mental impairment that substantially limits one or more of the major life activities of such individual." 42 U.S.C. § 12102(2)(a).[1] Reszetylo did not show that Morgan Stanley subjected her to any adverse employment action because of a disability. Reszetylo's failure to accommodate claim likewise fails because she did not show that her requested accommodation was objectively reasonable or necessary. *See generally Wong v. Regents of University of California,* 192 F.3d 807, 818 (9th Cir.1999).

Reszetylo's claims that Morgan Stanley retaliated against her based on her request for accommodation for her disability lack evidentiary support. The district court appropriately granted summary judgment on these claims.

■ However, the court should have denied Morgan Stanley's motion with respect to Reszetylo's claims that Morgan Stanley retaliated against her for complaining about gender discrimination. The court examines Title VII and FEHA retaliation claims using the *McDonnell Douglas* burden shifting analysis. *See Flait v. North Am. Watch Corp.,* 3 Cal.App.4th 467, 476, 4 Cal.Rptr.2d 522 (1992). To establish a *prima facie* claim, Reszetylo must show: (1) involvement in protected activity; (2) an adverse employment action; and (3) a causal link between the two. *Vasquez v. County of Los Angeles,* 349 F.3d 634, 646 (9th Cir.2003).

Reszetylo satisfied these three elements. First, Reszetylo engaged in protected activity; she complained to Wilson about perceived gender discrimination in account transfers in September 1998 and about his

---

1. During the relevant time, FEHA's definition of an individual with a physical disability was broader: an individual with a disorder that limits her ability to participate in major life activities. Cal. Gov't Code § 12926(k)(1)(B).

decision to transfer his accounts to Morris in January 1999. She followed up her January 1999 complaint with a written memorandum threatening to report the conditions of her employment to Human Resources or the Equal Employment Opportunity Commission (EEOC).[2] Second, Reszetylo suffered an adverse employment action when Morgan Stanley fired her in May 1999. Third, the fact that Morgan Stanley fired Reszetylo four months after she complained about gender-based discrimination supports an inference of retaliation sufficient to satisfy the causation element. *See Villiarimo v. Aloha Island Air, Inc.,* 281 F.3d 1054, 1065 (9th Cir.2002) (recognizing that causation may be inferred from timing alone where an adverse employment action follows on the heels of protected activity); *Nidds v. Schindler Elevator Corp.,* 113 F.3d 912, 919 (9th Cir.1996).

█ Reszetylo also presented sufficient evidence from which a reasonable fact-finder could conclude that Morgan Stanley's asserted reasons for terminating Reszetylo were pretextual and that Morgan Stanley actually fired her because she complained of gender discrimination. Wilson testified that he noticed Reszetylo's poor attendance soon after he assumed the Branch Manager position in June 1998. However, Wilson did not discuss the issue with Reszetylo until December 1998—*after* she complained to him that her male peers were receiving preferential treatment. Further, Wilson did not consult with Robberson, the regional human resources manager, about Reszetylo until March 3, 1999, after Reszetylo's complaints. While the exact timing of the relevant January 1999 events is a bit unclear, it appears that Wilson did not require Reszetylo to be in

the office three days a week until *after* Reszetylo complained about Wilson's decision to transfer his accounts to Morris, and perhaps not until after she threatened to pursue the matter with Human Resources or the EEOC. In addition, Wilson did not explain how he intended to better supervise Reszetylo or help her diversify her accounts if she were in the office. Further, despite Wilson's purported concern about the concentration of Reszetylo's accounts, Reszetylo introduced evidence that Morgan Stanley trains brokers to focus on large accounts and to expect to earn 80% of their business from 20% of their clients. A reasonable fact-finder could conclude based on the evidence that Wilson, frustrated with or threatened by Reszetylo's gender discrimination complaints, discovered concerns about over-concentration and office presence and created unnecessary attendance requirements to manufacture a pretextual justification for her termination. Each side shall bear its own costs on appeal.

AFFIRMED in part, REVERSED and REMANDED in part.

FERNANDEZ, Circuit Judge, concurring and dissenting.

I concur in the determination that the district court properly granted summary judgment against Reszetylo on her hostile environment, acts of sex discrimination, and ADA claims. However, I dissent from the determination that, simply due to propinquity, she has presented a triable case for retaliation on account of her sexual discrimination complaints. Propinquity alone should not suffice here. *See Clark County Sch. Dist. v. Breeden,* 532 U.S. 268, 273–74, 121 S.Ct. 1508, 1511, 149 L.Ed.2d 509 (2001). At any rate, as I see it, she

**2.** Reszetylo also complained to McCullah about Morris' offensive comments in early 1998.

has not presented evidence that Morgan Stanley's nondiscriminatory reason for telling her to come into the office (a desire by her manager to supervise her more closely) and for terminating her (her virtual refusal to come into the office on a regular basis) was pretextual. *See Brown v. City of Tucson,* 336 F.3d 1181, 1188 (9th Cir. 2003); *Brooks v. City of San Mateo,* 229 F.3d 917, 928 (9th Cir.2000).