Allan D. **PENRY**, Plaintiff—Appellant,

v.

**THURSTON COUNTY; et al.,**
Defendants—Appellees.

No. 02–36153.

D.C. No. CV–02–05360–RJB.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 17, 2004.[*]

Decided Feb. 23, 2004.

Appeal from the United States District Court for the Western District of Washington; Robert J. Bryan, District Judge, Presiding.

Allan D. Penry, Olympia, WA, for Plaintiff-Appellant.

David V. Klumpp, Thurston County Prosecuting Attorney, Olympia, WA, Paul Lindenmuth, Law Offices of Ben F. Barcus, Tacoma, WA, for Defendants-Appellees.

Before FERNANDEZ, W. FLETCHER, and TALLMAN, Circuit Judges.

MEMORANDUM[**]

Allan Penry appeals pro se the district court's summary judgment for Thurston County defendants and attorney Stephen Foster, in Penry's 42 U.S.C. § 1983 action

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

alleging civil rights violations in connection with his marriage dissolution case. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, *Oliver v. Keller,* 289 F.3d 623, 626 (9th Cir.2002), and we affirm.

The district court properly granted summary judgment to Commissioner Wickham because he is entitled to absolute judicial immunity as to claims for damages. *See Romano v. Bible,* 169 F.3d 1182, 1186 (9th Cir.1999). Although judicial immunity does not extend to requests for declaratory and injunctive relief against a state court judge, *see Pulliam v. Allen,* 466 U.S. 522, 541–42, 104 S.Ct. 1970, 80 L.Ed.2d 565 (1984), Penry's request for declaratory and injunctive relief against Wickham are nevertheless barred because they are inextricably intertwined with a state court judgment. *See Dist. of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 482 n. 16, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).

The Thurston County Superior Court is entitled to Eleventh Amendment immunity as an arm of the state. *See Greater Los Angeles Council on Deafness, Inc. v. Zolin,* 812 F.2d 1103, 1110 (9th Cir.1987). Penry failed to show that the discretionary decisions Wickham made during Penry's marriage dissolution proceedings were attributable to Thurston County's official policies or customs. *See Christie v. Iopa,* 176 F.3d 1231, 1234 (9th Cir.1999); *Pembaur v. City of Cincinnati,* 475 U.S. 469, 481–83, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986). Finally, Penry failed to present evidence that Foster, Penry's ex-wife's counsel in their divorce proceedings, acted

under color of state law. *See Kirtley v. Rainey,* 326 F.3d 1088, 1092 (9th Cir.2003).

**AFFIRMED.**

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.