Aloit Glendale RIDGEWAY,
Plaintiff—Appellant,

v.

Janet O'BRYAN, Deputy Sheriff,
Defendant—Appellee,

and

County Of Los Angeles;
et al., Defendants.

No. 02–56243.

D.C. No. CV–99–10536–R.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 17, 2004.[*]

Decided Feb. 25, 2004.

Aloit Glendale Ridgeway, pro se, CMCE–California Men's Colony East, San Luis Obispo, CA, for Plaintiff–Appellant.

Raymond J. Fuentes, Fuentes & McNally, Glendale, CA, for Defendant–Appellee/Defendants.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before FERNANDEZ, W. FLETCHER, and TALLMAN, Circuit Judges.

MEMORANDUM[**]

California state prisoner Aloit Glendale Ridgeway appeals pro se the district court's summary judgment in favor of Deputy Sheriff Janet O'Bryan, the County of Los Angeles, and the Los Angeles County Sheriff's Department, in Ridgeway's 42 U.S.C. § 1983 action alleging that defendants subjected him to excessive force and treated him with deliberate indifference on account of his homosexuality. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a grant of summary judgment. *Oliver v. Keller,* 289 F.3d 623, 626 (9th Cir.2002). We affirm.

The district court properly granted summary judgment in favor of the County of Los Angeles ("County") and the Los Angeles County Sheriff's Department ("Department") because Ridgeway did not offer evidence of an unconstitutional policy, practice or custom of the County or Department. *See Monell v. Dep't of Soc. Servs. of New York,* 436 U.S. 658, 690, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). The district court properly granted summary judgment in favor of Deputy Sheriff O'Bryan in her official capacity because Ridgeway did not present evidence of conduct by O'Bryan that conformed with a policy, practice or custom of the County or Department, that caused him injury. *See id.*

The district court properly granted summary judgment in favor of O'Bryan in her individual capacity because Ridgeway

---

failed to show that O'Bryan applied force "maliciously and sadistically to cause harm," *Hudson v. McMillian*, 503 U.S. 1, 6–7, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992), or that Ridgeway suffered a "serious illness or injury" sufficient to trigger a claim of "deliberate indifference," *Estelle v. Gamble*, 429 U.S. 97, 105, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

We lack jurisdiction over Ridgeway's spoliation of evidence claim—that the Department altered and deleted the surveillance videotape of the incident before producing it to the district court—because he did not raise it before the district court. *See Sofamor Danek Group, Inc. v. Brown*, 124 F.3d 1179, 1186 n. 4 (9th Cir.1997).

Ridgeway's remaining contentions also lack merit.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.