**Constance CENTER, Plaintiff—Appellant,**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security, Defendant—Appellee.**

No. 03–16848.
D.C. No. CV–02–03168–JL.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 18, 2005.

Decided April 4, 2005.

Tony Arjo, Oakland, CA, for Plaintiff–Appellant.

Peter K. Thompson, Social Security Administration Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before NOONAN, THOMAS, and FISHER, Circuit Judges.

## MEMORANDUM *

Constance Center appeals from the district court's grant of summary judgment approving the denial by the Commissioner of Social Security ("Commissioner") of Center's application for disability benefits. We reverse and remand for the award of benefits. Because the parties are familiar with the factual and procedural history of the case, we will not recount it here.

We review de novo the district court's grant of summary judgment to the Secretary. *Andrews v. Shalala*, 53 F.3d 1035, 1040 n. 1 (9th Cir.1995). Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there are genuine issues of material fact and whether the district court correctly applied the substantive law. *Oliver v. Keller*, 289 F.3d 623, 626 (9th Cir. 2002). The Commissioner's denial of benefits may be set aside when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record. *Gillett–Netting v. Barnhart*, 371 F.3d 593, 595 (9th Cir.2004).

■ In this case, the Administrative Law Judge's ("ALJ") erred as a matter of law by rejecting the treating physician's opinion without satisfying the require-ments for doing so. To disregard the uncontradicted opinion of an examining physician or a treating physician, an ALJ must provide clear and convincing reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.1995). If contradicted by another doctor, a treating physician's conclusions may be rejected only for specific and legitimate reasons supported by substantial evidence in the record. *Id.* at 830. Here, the ALJ rejected the conclusions of Dr. Ruiz, the treating psychiatrist, that Center suffered from "Major Depressive Disorder, Severe."

Dr. Ruiz concluded that Center's condition had "deteriorated to the point that I do not foresee that she will be able to return to work in the future." In rejecting Dr. Ruiz's opinion, the ALJ relied upon a report by Dr. Johnston, a consultive physician, that discussed multiple problems, including depression, and rated Center's ability to complete a normal workday or workweek as "poor." Dr. Johnston emphasized that he could not "contradict the treating doctor who knows her far better." He concluded that he "would be surprised if [Center] returns to a work life or cooperates with any rehabilitation service. She does not appear to want or believe in any such effort."

The opinions of Dr. Ruiz and Dr. Johnston are not in conflict in their material conclusions. Both diagnosed Center as suffering from depression and both concluded that she was unable to return to work. They differed as to the degree of depression present, but Dr. Johnston specifically deferred to Dr. Ruiz's opinion.

■ We "have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner],

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Remand for further administrative proceedings is appropriate only when enhancement of the record would be useful. *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir.2004). Given that the evidence was consistent, there is no need to remand for a re-weighing of the testimony. We reverse the judgment of the district court with the instruction to remand for an award of benefits.

**REVERSED and REMANDED.**