John TAYLOR, Plaintiff—Appellant,

v.

CITY OF YORBA LINDA, a business entity unknown; City of Brea, a business entity unknown; Emil Mark Schwing; James N. Winder; Clyde A. Wason; Michael J. Messina; Robert Zeeb, Jr.; Darryl Disanto; Douglas Dickerson; Henry Wedaa; Ken Ryan; Roy F. Stephenson; Carol Ann Tassios; William Lentini; Carolyn Wallace; Darrin Devereux, individuals, Defendants—Appellees.

No. 04–55952.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 10, 2006.[*]

Decided Feb. 22, 2006.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

John A. Girardi, Esq., Girardi & Keese, Los Angeles, CA, for Plaintiff–Appellant.

Jeffrey V. Dunn, Esq., Best Best & Krieger LLP, Irvine, CA, Michael Coyne, Esq., Richards, Watson and Gershon, Los Angeles, CA, for Defendants–Appellees.

Before: BEEZER, T.G. NELSON, and GOULD, Circuit Judges.

## MEMORANDUM **

John Taylor appeals the district court's order granting summary judgment[1] to the defendants, and dismissing Taylor's claims under 42 U.S.C. § 1983 alleging a conspiracy to violate his right to run for office, protected by the First and Fourteenth Amendments. We have jurisdiction pursuant to 18 U.S.C. § 1291.[2] Taylor argues that declaration testimony by one of his political supporters, Dawn Muranaka, is sufficient to create a fact issue as to whether the conduct underlying Taylor's complaint was caused by an unconstitutional municipal policy, rather than some other reason, such as personal dislike for Taylor.[3]

The First Amendment protects the right to seek elective office. *See Davies v. Grossmont Union High School Dist.*, 930 F.2d 1390, 1396–98 (9th Cir.1991). A plaintiff may recover damages under 42 U.S.C. § 1983 for state action retaliating against political expression. *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir.1986). A municipality may be held liable for damages under 42 U.S.C. § 1983 for a policy, practice, or custom that causes a constitutional violation. *See Monell v. New York City Dep't of Soc. Serv.*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir.1996).

Fully crediting Muranaka's declaration, and giving Taylor the inference that the city employees who spoke to Muranaka did so to damage Taylor's political fortunes, Taylor did not produce evidence that the comments underlying his complaint were caused by a municipal policy or custom, rather than personal animus of the speak-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. We review a district court's order granting summary judgment de novo. *Delta Savings Bank v. United States*, 265 F.3d 1017, 1021 (9th Cir.2001). If a reasonable jury could find by a preponderance of the evidence that Taylor was entitled to a verdict in his favor, then summary judgment was inappropriate. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

2. Because the parties are familiar with the facts and the procedural history underlying this appeal, we mention them only where necessary to explain our decision. For purposes of summary judgment, we view the evidence in the light most favorable to Taylor. *See Oliver v. Keller*, 289 F.3d 623, 626 (9th Cir.2002).

3. In a previous order, the district court granted summary judgment to the individual defendants but denied summary judgment to the cities of Brea and Yorba Linda because Taylor produced sufficient evidence to create a genuine issue of material fact about the existence of an unconstitutional municipal policy or custom.

ers. Taylor argues that the defendants did not produce evidence of a legitimate motive for the city employees' comments to Muranaka, but this argument inverts the burden of production at summary judgment, which required Taylor, the non-moving party, to identify affirmative evidence sufficient to create a fact issue as to whether a municipal policy caused his alleged injury. *See Liberty Lobby,* 477 U.S. at 248, 106 S.Ct. 2505. Absent evidence that a municipal policy or custom caused the conduct that Taylor alleges to be unconstitutional, he cannot satisfy his burden under Federal Rule of Civil Procedure 56(c), and the district court did not err by granting summary judgment to the defendants. *See Butler v. Elle,* 281 F.3d 1014, 1028 (9th Cir.2002); *Fordyce v. City of Seattle,* 55 F.3d 436, 440 (9th Cir.1995).

**AFFIRMED.**