Max RETTELE, individually and as Guardian Ad Litem for Chase Hall, a minor; Judy Sadler, individually and as Guardian Ad Litem for Chase Hall, a minor, Plaintiffs—Appellants,

v.

LOS ANGELES COUNTY; Los Angeles County Sheriff's Department; Dennis Watters, Deputy # 235092; M. Cleaves, Sergeant # 016369; R. Campbell, Deputy # 013385; G. Burns, Deputy # 0213673; I. Gonzalez, Deputy # 108434; Jack Jordan, Lieutenant # 047392; L. Delmese, Sergeant, Defendants—Appellees.

No. 04–55614.

United States Court of Appeals,
Ninth Circuit.

Argued & Submitted Dec. 8, 2005.

Submission deferred Dec. 9, 2005.

Resubmitted Dec. 19, 2005.

Filed June 21, 2006.

John C. Burton, Esq., The Law Offices of John Burton, Pasadena, CA, for Plaintiffs–Appellants.

L. Trevor Grimm, Manning & Marder et al, LLP, Los Angeles, CA, Scott W. Davenport, Esq., for Defendants–Appellees.

Before: PREGERSON, COWEN,* and THOMAS, Circuit Judges.

MEMORANDUM **

Plaintiffs Max Rettele and Judy Sadler brought a § 1983 action against Defen-

---

* The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

dants Los Angeles County, the Los Angeles County Sheriff's Department, Sheriff's Deputy Dennis Watters, and several other members of the Los Angeles County Sheriff's Department alleging that they violated Plaintiffs' Fourth Amendment rights by conducting an unlawful and unreasonable search and detention. Plaintiffs appeal the district court's summary judgment order granting qualified immunity to Defendants. We review *de novo* both the district court's grant of summary judgment, *see Buono v. Norton,* 371 F.3d 543, 545 (9th Cir.2004), and its qualified immunity determination, *see Sissoko v. Rocha,* 440 F.3d 1145, 1164 (9th Cir.2006). We have jurisdiction under 28 U.S.C. § 1291, and we reverse.

"The determination of whether a law enforcement officer is entitled to qualified immunity involves a two-step analysis." *Moreno v. Baca,* 431 F.3d 633, 638 (9th Cir.2005) (citing *Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001)). First, we must determine whether the officer's conduct violated a constitutional right. *See id.* If we find that the officer violated Plaintiffs' constitutional rights, we next consider whether that right was clearly established at the time the alleged violation occurred. *See id.* The contours of the right must have been clear enough that a reasonable officer would have understood that what he was doing violated the right. *See Anderson v. Creighton,* 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987). Viewing the evidence in the light most favorable to the nonmoving party, "we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Oliver v. Keller,* 289 F.3d 623, 626 (9th Cir.2002).

Neither party disputes that Defendants had a valid warrant to search Plaintiffs' home. *See Michigan v. Summers,* 452 U.S. 692, 704–05, 101 S.Ct. 2587, 69 L.Ed.2d 340 (1981). However, because (1) no African–Americans lived in Plaintiffs' home; (2) Plaintiffs, a Caucasian couple, purchased the residence several months before the search and the deputies did not conduct an ownership inquiry; (3) the African–American suspects were not accused of a crime that required an emergency search; and (4) Plaintiffs were ordered out of bed naked and held at gunpoint while the deputies searched their bedroom for the suspects and a gun, we find that a reasonable jury could conclude that the search and detention were "unnecessarily painful, degrading, or prolonged," and involved "an undue invasion of privacy," *Franklin v. Foxworth,* 31 F.3d 873, 876 (9th Cir.1994). Accordingly, we find that there exists a genuine issue of material fact as to whether the search and detention were unreasonable and in violation of Plaintiffs' Fourth Amendment rights. *See id.* at 876.

Having determined that Plaintiffs' factual allegations, if true, may establish a constitutional violation, we turn our attention to whether the law was clearly established, such that a reasonable officer would have known that the conduct was unlawful. Based on Plaintiffs' version of the facts, we find that a reasonable officer would have known that such a search and detention was unlawful under the circumstances. *See Wall v. County of Orange,* 364 F.3d 1107, 1111 (9th Cir.2004). After taking one look at Plaintiffs, the deputies should have realized that Plaintiffs were not the subjects of the search warrant and did not pose a threat to the deputies' safety. To order Plaintiffs out of bed at gunpoint, early in the morning and before Plaintiffs had dressed, was "unnecessarily painful" and "degrading," and clearly an undue invasion of Plaintiffs' privacy. *Franklin,* 31 F.3d at 876. Thus, taking Plaintiffs' alle-

gations as true, Defendants violated Plaintiffs' clear and well-established right to be free from unreasonable searches and detentions.

Because a genuine issue of material fact exists as to whether Defendants violated a constitutional right, and that right was clearly established at the time of the search and detention, we find that Defendants are not entitled to qualified immunity at the summary judgment stage.

REVERSED and REMANDED.

COWEN, Circuit Judge, dissenting.

I respectfully dissent. The officers had the authority to detain Plaintiffs for the duration of the search, without regard to the color of Plaintiffs' skin, the extent of the pre-warrant investigation, or the lack of emergent circumstances, because a properly granted and unquestionably legal warrant existed to search the Loneoak address and Plaintiffs were occupants of that address at the time of the search. *See Muehler v. Mena,* 544 U.S. 93, 98, 125 S.Ct. 1465, 161 L.Ed.2d 299 (2005) ("An officer's authority to detain incident to a search is categorical; it does not depend on the quantum of proof justifying the detention or the extent of the intrusion to be imposed by the seizure") (internal quotation marks and citation omitted). Further, the officers were justified in ordering Plaintiffs out of bed at gunpoint, even though they were naked, not only because the officers had the authority to exercise unquestioned command of the situation in effectuating Plaintiffs' detention, but also because weapons could have been concealed under the bed covers. *See id.* at 99, 125 S.Ct. 1465 ("[T]he risk of harm to officers and occupants is minimized if the officers routinely exercise unquestioned

command of the situation.") (internal quotation marks and citation omitted).

Moreover, even assuming *arguendo* that a reasonable jury could find that a constitutional violation occurred, the law was not clearly established such that a reasonable officer would have known that the conduct was unlawful. In *Franklin v. Foxworth,* 31 F.3d 873 (9th Cir.1994), we found unconstitutional the officers' failure to provide clothing to a gravely ill man before exposing his genitals to twenty-three strangers for over two hours, under circumstances where there was no reason why the man was not given clothing. *Id.* at 876–78. We concluded that the detention was conducted in "a manner that wantonly and callously subjected an obviously ill and incapacitated person to entirely unnecessary and unjustifiable degradation and suffering." *Id.* at 878. Here, in contrast, Plaintiffs were not gravely ill, and their brief exposure, which lasted, at most, three or four minutes, was outweighed by the safety risks associated with allowing two occupants to remain in bed under covers during execution of a search warrant.[1]

The officers' display of guns was also justified as a reasonable measure to gain control of the situation and because the officers had reason to believe that one of the suspects had a gun registered to him. Moreover, as soon as the officers had checked and cleared the bedroom, they directed Plaintiffs to put on clothing and ushered them into the living room, where the officers reached the conclusion that there was no evidence or suspects in the residence, lowered their guns, and concluded the search. Given these facts, no constitutional violation occurred. At a very minimum, I cannot conclude that it was

---

**1.** Because Sadler was permitted to use a bed sheet to cover herself, her exposure was limit-

ed to about one minute.

clearly established that Plaintiffs' detention was "unnecessarily painful, degrading, or prolonged," or involved "an undue invasion of privacy." *Id.* at 876. There is no evidence of any wanton or callous conduct on the part of the officers. For these reasons, I submit that the complaint was properly dismissed or, alternatively, defendants are entitled to qualified immunity.