Justice Stevens,
with whom
Justice Ginsburg joins, concurring in the judgment.
This case presents two separate questions: (1) whether the four circumstances identified in the Court of Appeals’ unpublished opinion established a genuine issue of material fact as to whether the seizure violated respondents’ Fourth Amendment rights, see ante, at 612; (2) whether the officers were nevertheless entitled to qualified immunity because the right was not clearly established. The fact that the judges on the Court of Appeals disagreed on both questions convinces me that they should not have announced their decision in an unpublished opinion.
In answering the first question, the Ninth Circuit majority relied primarily on Franklin v. Foxworth, 31 F. 3d 873 (CA9 1994). As Judge Cowen’s discussion of Franklin demonstrates, that case surely does not clearly establish the unconstitutionality of the officers’ conduct.* Consequently, re *617 gardless of the proper answer to the constitutional question, the defendants were entitled to qualified immunity. I would reverse on that ground and disavow the unwise practice of deciding constitutional questions in advance of the necessity for doing so. See County of Sacramento v. Lewis, 523 U. S. 833, 859 (1998) (STEVENS, J., concurring in judgment). Accordingly, I concur in the Court’s judgment.

See 186 Fed. Appx. 765, 767 (2006) (dissenting opinion) (“In Franklin v. Foxworth, 31 F. 3d 873 (9th Cir. 1994), we found unconstitutional the officers’ failure to provide clothing to a gravely ill man before exposing *617 his genitals to twenty-three strangers for over two hours, under circumstances where there was no reason why the man was not given clothing. Id. at 876-78. We concluded that the detention was conducted in ‘a manner that wantonly and callously subjected an obviously ill and incapacitated person to entirely unnecessary and unjustifiable degradation and suffering.’ Id. at 878. Here, in contrast, Plaintiffs were not gravely ill, and their brief exposure, which lasted, at most, three or four minutes, was outweighed by the safety risks associated with allowing two occupants to remain in bed under covers during execution of a search warrant”).