**Malcolm Andre YOUNG,**
**Plaintiff–Appellant,**

v.

**Robert A. DANIELSON; et al.,**
**Defendants–Appellees.**

No. 06–15639.

United States Court of Appeals,
Ninth Circuit.

Submitted April 16, 2007.[*]

Filed April 24, 2007.

Malcolm Andre Young, Calipatria, CA, pro se.

Constance L. Picciano, Esq., Kevin William Reager, AGCA–Office of the California Attorney General, Sacramento, CA, for Defendants–Appellees.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: O'SCANNLAIN, GRABER, and CLIFTON, Circuit Judges.

MEMORANDUM [**]

California state prisoner Malcolm Andre Young appeals pro se from the district court's summary judgment in favor of defendants in his 42 U.S.C. § 1983 action alleging deliberate indifference to his medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Oliver v. Keller*, 289 F.3d 623, 626 (9th Cir.2002), and we affirm.

The district court properly granted summary judgment because Young failed to raise a triable issue as to whether defendants were deliberately indifferent to his serious medical needs. *See Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir.1996). Young's disagreement with the medical defendants' chosen course of treatment is not sufficient. *See id.* (holding a difference in opinion between the physician and the prisoner concerning the appropriate course of treatment does not amount to deliberate indifference to serious medical needs). Moreover, Young failed to raise a triable issue as to whether the alleged delay in treatment caused by the non-medical defendants resulted in further harm. *See McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir.1992).

Contrary to Young's contention, the district court did not abuse its discretion by

---

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

modifying the pre-trial scheduling order to permit defendants to file a motion for summary judgment, because the request to modify the schedule was made following defendants' counsel's surgery and review of Young's pretrial statement, and the court noted that modification was in the interest of judicial economy. *See* Fed. R.Civ.P. 16(b); *cf. Byrd v. Guess*, 137 F.3d 1126, 1132 (9th Cir.1998). Moreover, the record reflects Young was served with the motion to modify the scheduling order on which the court based its ruling.

The district court also did not abuse its discretion in determining that Young's documents submitted in opposition to summary judgment were not sufficiently authenticated. *See Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1181–82 (9th Cir.1988).

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.