**Eric Johnson PEACOCK,
Plaintiff–Appellant,**

v.

**COUNTY OF ORANGE, Defendant–
Appellee.**

No. 05–56867.

United States Court of Appeals,
Ninth Circuit.

Submitted May 16, 2007.*

Filed May 25, 2007.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

F.3d 864, 867–69 (9th Cir.1996) (construing business necessity exception).

■ The district court did not abuse its discretion in declining to exercise supplemental jurisdiction over Peacock's FEHA claim and in remanding it to state court in light of developments in state law. *See* 28 U.S.C. § 1367(c)(3); *Ove v. Gwinn,* 264 F.3d 817, 826 (9th Cir.2001).

Peacock's remaining contentions are unpersuasive.

**AFFIRMED.**

Eric Johnson Peacock, Hacienda Heights, CA, pro se.

Nancy E. Zeltzer, Esq., Lewis Brisbois Bisgaard & Smith, LLP, Costa Mesa, CA, for Defendant–Appellee.

Before: PREGERSON, REINHARDT, and TASHIMA, Circuit Judges.

MEMORANDUM **

Eric Johnson Peacock appeals pro se, following a remand from this court, from the district court's summary judgment in favor of the County of Orange in his action alleging that defendant violated the Americans with Disabilities Act ("ADA") and the California Fair Employment and Housing Act ("FEHA") when it declined to hire him as a police officer because he did not meet its visual acuity requirements. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Oliver v. Keller,* 289 F.3d 623, 626 (9th Cir.2002), and we affirm.

■ The district court properly concluded that the County's inquiry into Peacock's vision pertained to job-related functions, such as shoot-no-shoot decisions, facial recognition and license plate identification, and thus was not impermissible under the ADA. *See* 42 U.S.C. § 12112(d)(4)(A) (prohibiting medical inquiries into disability status unless the inquiry is shown to be job-related and consistent with business necessity); *see also Yin v. State of Cal.,* 95

** This disposition is not appropriate for publication and is not precedent except as provid-ed by 9th Cir. R. 36–3.