**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

|  |  |
|---|---|
| WAYNE JEROME ROBERTSON, | No. 08-16022 |
| Plaintiff - Appellant, | D.C. No. 1:03-cv-06070-LJO-GSA |
| v. | |
| R. D. VANZANDT, Lieutenant; et al., | MEMORANDUM [*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted December 15, 2009 [**]

Before:    GOODWIN, WALLACE, and CLIFTON, Circuit Judges.

Wayne Jerome Robertson, a California state prisoner, appeals pro se from

the district court's judgment in his 42 U.S.C. § 1983 action alleging constitutional

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

violations in connection with his placement in prison housing where he was attacked by other inmates. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to exhaust administrative remedies, *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003), and its summary judgment, *Oliver v. Keller*, 289 F.3d 623, 626 (9th Cir. 2002), and we affirm.

The district court properly determined that, because Robertson's grievance was rejected as untimely, it did not serve to exhaust his claims against defendants VanZandt, Arvizu, Walters, Vaughn, Farris, McDaniel, Lomonaco, and Gabaldon. *See Woodford v. Ngo*, 548 U.S. 81, 83-84, 95 (2006) (holding that "proper exhaustion" under 42 U.S.C. § 1997 is mandatory and cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal"). Moreover, Robertson's contention that his pro bono counsel advised him that he had properly exhausted his administrative remedies is unpersuasive where this advice was given after Robertson's grievance had already been rejected as untimely.

The district court properly granted summary judgment to defendant Decker because the record is devoid of any evidence to suggest that he acted with deliberate indifference to a substantial risk of harm to Robertson's safety. *See Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081-82 (9th Cir. 1996) ("[M]ere

allegation and speculation do not create a factual dispute for purposes of summary judgment.").

Robertson's remaining contentions are unpersuasive.

**AFFIRMED.**