**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LAMAR HOWARD JEFFRIES, | No. 08-35707 |
| Plaintiff - Appellant, | D.C. No. 3:05-cv-01851-JO |
| v. | |
| SNAKE RIVER CORRECTIONS - OREGON; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Robert E. Jones, District Judge, Presiding

Submitted December 15, 2009[**]

Before:   GOODWIN, WALLACE, and CLIFTON, Circuit Judges.

Lamar Howard Jeffries, a former Oregon state prisoner, appeals pro se from

the district court's summary judgment for defendants in his 42 U.S.C. § 1983

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

PDM/Research

action alleging constitutional violations in connection with mail handling policies of the Oregon Department of Corrections and Snake River Correctional Institute. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Oliver v. Keller*, 289 F.3d 623, 626 (9th Cir. 2002), and we affirm.

The district court properly granted summary judgment on Jeffries's First Amendment claims because Jeffries failed to raise a genuine issue of material fact as to whether the prison's mail handling policies were reasonably related to legitimate penological interests. *See Turner v. Safley*, 482 U.S. 78, 89-91 (1987) (discussing factors relevant in determining whether regulation that impinges on First Amendment rights is reasonably related to legitimate penological interests).

We do not consider issues that Jeffries raises for the first time on appeal, *see Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 515 (9th Cir. 1992) ("As a general rule, an appellate court will not hear an issue raised for the first time on appeal."), or issues that Jeffries has abandoned on appeal, *see Cook v. Schriro*, 538 F.3d 1000, 1014 n. 5 (9th Cir. 2008) (explaining that issues not raised on appeal are deemed abandoned).

Jeffries's remaining contentions are unpersuasive.

Jeffries's renewed request for sanctions is denied because he does not demonstrate that the district court abused its discretion. *See Cooter & Gell v.*

*Hartmax Corp.*, 496 U.S. 384, 405 (1990) (reviewing for abuse of discretion district court's decision to deny sanctions).

Jeffries's request to strike the answering brief is denied.

**AFFIRMED.**