**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID WAYNE WILSON, | No. 08-16019 |
| Plaintiff - Appellant, | D.C. No. 2:06-CV-02553-JKS-EFB |
| v. | |
| JOHN DOVEY; et al., | MEMORANDUM [*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
James K. Singleton, Jr., District Judge, Presiding

Submitted February 16, 2010 [**]

Before:     FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

David Wayne Wilson, a California state prisoner, appeals pro se from the

district court's judgment dismissing with prejudice his 42 U.S.C. § 1983 action

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

claiming violations of the Eighth and Fourteenth Amendments due to lack of privacy in his medical care and medical information. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal of a complaint for failure to state a claim under 28 U.S.C. § 1915A, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and we affirm.

The district court properly dismissed Wilson's Eighth Amendment claim because he failed to allege that defendants were deliberately indifferent to his serious medical needs under *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Wilson's claim that no medical or security personnel should be present at his psychiatric appointments amounts to a disagreement with the way that treatment is provided, which is insufficient to assert a claim of deliberate indifference. *See Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004). Moreover, Wilson fails to allege any physical symptoms or the type of harm required for a deliberate indifference claim under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e). *See Oliver v. Keller,* 289 F.3d 623, 627-28 (9th Cir. 2002).

The district court also properly dismissed Wilson's Fourteenth Amendment claim because the presence of nurses, psychiatric technicians, and correctional officers during Wilson's medical appointments served legitimate penological interests in maintaining order and providing security. *See Procunier v. Martinez*,

416 U.S. 396, 412 (1974), *overruled in part on other grounds by Thornburgh v. Abbott*, 490 U.S. 401 (1989); *see also Turner v. Safley*, 482 U.S. 78, 89 (1987) (establishing four-factor test to analyze prisoners' constitutional claims).

Wilson's remaining contentions are not persuasive.

**AFFIRMED**.