**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN HARRIS, | No. 09-35508 |
| Plaintiff - Appellant, | D.C. No. 6:08-cv-00258-HO |
| v. | |
| JOE E. CAPPS, Inspector III; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael R. Hogan, District Judge, Presiding

Submitted May 25, 2010[**]

Before:     CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

John Harris, an Oregon state prisoner, appeals from the district court's

judgment in his 42 U.S.C. § 1983 action alleging prison officials placed him in

disciplinary segregation in violation of his Eighth Amendment rights.  We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument, and therefore denies Harris's request for oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291.  We review de novo, *Oliver v. Keller*, 289

F.3d 623, 626 (9th Cir. 2002), and we affirm.

Harris failed to raise a genuine issue of material fact as to whether

defendants deliberately exposed him to a serious risk of harm when they

temporarily transferred him to disciplinary segregation, because security protocols

were in place to protect inmates from one another.  *See Farmer v. Brennan*, 511

U.S. 825, 837 (1994) ("[A] prison official cannot be found liable [for deliberate

indifference] unless the official knows of and disregards an excessive risk to

inmate . . . safety.").

Harris's remaining contentions are unpersuasive, and his motion for

appointment of counsel is denied.

**AFFIRMED.**