**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHARLES JAMES CHATMAN, | No. 09-15683 |
| Plaintiff - Appellant, | D.C. No. 3:03-cv-02820-MMC |
| v. | |
| RICHARD EARLY, Regional Administrator; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, District Judge, Presiding

Submitted June 29, 2010[**]

Before:     ALARCÓN, LEAVY, and GRABER, Circuit Judges.

Charles James Chatman, a California state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging

constitutional violations in connection with the conditions of his confinement and

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the handling of his mail. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to exhaust administrative remedies, *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003), and its grant of summary judgment, *Oliver v. Keller*, 289 F.3d 623, 626 (9th Cir. 2002), and we affirm.

The district court properly dismissed Chatman's claims alleging inadequate food and denial of basic necessities because Chatman failed to exhaust available administrative remedies before filing this action. *See Woodford v. Ngo*, 548 U.S. 81, 93-95 (2006) (holding that "proper exhaustion" under 42 U.S.C. § 1997e(a) is mandatory and requires adherence to administrative procedural rules).

The district court properly granted summary judgment on Chatman's First Amendment claims because Chatman failed to create a genuine issue of material fact as to whether the correspondence at issue was legal mail. *See Wolff v. McDonnell*, 418 U.S. 539, 576 (1974) (stating that legal mail must be "specially marked as originating from an attorney, with his name and address being given, if [it is] to receive special treatment").

The district court properly granted summary judgment on Chatman's claims against defendant Chen, the former Chief Deputy Inspector General for the California Office of the Inspector General, because Chatman failed to create a genuine issue of material fact as to whether Chen was legally required to intervene

after conducting investigations, at Chatman's request, into the conditions of Chatman's confinement. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (an official can be liable under section 1983 only "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation" of which plaintiff complains (citation and quotation marks omitted)).

The district court did not abuse its discretion by denying Chatman's requests for judicial notice where the news articles at issue did not contain adjudicative facts relevant to the parties' dispute. *See* Fed. R. Evid. 201(b) (requiring judicially noticed facts to be "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned"); *United States v. Woods*, 335 F.3d 993, 1000-01 (9th Cir. 2003) (setting forth standard of review).

Chatman's remaining contentions are unpersuasive.

**AFFIRMED.**