NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 23 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HANOI BARBARO ACOSTA, | No. 10-16723 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-00467-MEA |
| v. | |
| JOSEPH M. ARPAIO; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Mark E. Aspey, Magistrate Judge, Presiding[**]

Submitted November 21, 2011[***]

Before: TASHIMA, BERZON, and TALLMAN, Circuit Judges.

Hanoi Barbaro Acosta, a federal prisoner, appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action seeking damages for

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

psychological harm, punitive damages, and injunctive relief for alleged Fourth and Eighth Amendment violations during a prison strip search. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Biodiversity Legal Found. v. Badgley*, 309 F.3d 1166, 1173, 1175 (9th Cir. 2002), and we affirm.

The district court properly granted summary judgment on Acosta's claim for damages for psychological harm because Acosta did not raise a genuine dispute of material fact as to whether he sustained the necessary physical injury to support a claim for compensatory damages for psychological harm, and thus his claim is barred under the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(e); *see also Oliver v. Keller*, 289 F.3d 623, 625-28 (9th Cir. 2002).

The district court properly granted summary judgment on Acosta's claim for punitive damages because Acosta did not raise a genuine dispute of material fact as to whether individual defendants acted with the requisite level of culpability to justify a punitive damages award, *see Dubner v. City & County of San Francisco*, 266 F.3d 959, 969 (9th Cir. 2001), and Sheriff Arpaio and Sergeant Nicholas are immune in their official capacities from punitive damages, *see Mitchell v. Dupnik*, 75 F.3d 517, 527 (9th Cir. 1996).

The district court properly dismissed Acosta's claims for injunctive relief as moot because Acosta was no longer housed in the prison where the allegedly

unconstitutional events took place.  *See Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995) (an inmate's transfer from a prison while his claims are pending will generally moot any claims for injunctive relief relating to that prison's policies).

Acosta's remaining contentions are unpersuasive.

**AFFIRMED.**